## WESTINGHOUSE AIR BRAKE CO. v. NEW YORK AIR BRAKE CO.

(Circuit Court, N. D. New York.   November 25, 1901.)

### No. 6.631.

1. PATENTS—SUIT FOR INFRINGEMENT—DEFENSE OF LACHES.

The defense of laches to a suit for infringement need not be pleaded.

2. SAME.

Where a patent has lain dormant for 15 years, and has been infringed by defendant for 7 years, with the knowledge of complainant, and without a word of protest, a decree for an accounting should not be granted.[1]

In Equity.   Suit for infringement of patent.   On final hearing.

Frederic H. Betts, George H. Christy, and J. Snowden Bell, for complainant.

Frederick P. Fish and Charles Neave, for defendant.

COXE, District Judge.   This is an infringement suit based upon letters patent, No. 270,528, granted to George Westinghouse, Jr., January 9, 1883, for a pressure retaining valve in automatic brake mechanisms.   The bill was filed April 4, 1898, and the patent expired January 8, 1900, twenty-one months thereafter.   As the patent expired pendente lite no injunction can be granted, and as there is neither proof that the complainant's device was marked "patented," nor proof of actual notice, as required by ·law (Rev. St. § 4900), it is manifest that there can be no accounting for profits and damages, except, perhaps, from the date of the commencement of the action.

Assuming that the filing of the bill was sufficient notice of infringement under the section referred to, a position which the defendant strenuously denies, the question remains, shall the court retain jurisdiction in order that an account during this brief period may be taken?

The defendant, among other defenses, maintains that the complainant has been guilty of such inexcusable laches as to preclude all relief.

From the date of the patent to the commencement of the suit, a period of 15 years, the complainant did no act and uttered no word indicating that it considered the patent valid and valuable and that it intended to call infringers to account.   There is some testimony of a vague and shadowy character that a suit was brought against an infringer in Illinois, but the date when it was commenced and the result of the litigation is left wholly to conjecture.   So far as the record discloses the complainant could not have acted with

---

[1] Laches as a defense in suits for infringement, see notes to Taylor v. Spindle Co., 22 C. C. A. 211; Richardson v. D. M. Osborne & Co., 36 C. C. A. 613.

greater indifference had no patent been issued. Since 1891 the defendant, and every one else who desired to do so, has used the pressure retaining valve with impunity. The complainant has known of this use and has looked on without the least token of dissent.

There is nothing to show that the defendant knew that the device was patented. As stated above the complainant omitted to give even the statutory notice, by failing to mark the valves "patented." In short, the conduct of the complainant from first to last has been such as to encourage the defendant in the belief that the valve was not patented, or, if it were, that the patent was invalid or was one which the complainant did not intend to enforce.

It would be in conflict with the well-known principles of equity to permit the complainant to collect damages for a use which it tolerated and almost invited. The defendant was justified in the belief that the valve was public property. The complainant knew of its use for seven years and never made the slightest objection. This supineness, indifference and silence are wholly without legal excuse. The usual plea of poverty is not available, and the suggestion that the complainant was too busy in conducting other litigation with defendant to spare any time to protect or enforce the patent in suit can hardly be regarded as closing the debate. The commencement of an infringement suit to enforce a patent for a device so simple would not have unduly taxed the powers of the most incompetent clerk in the office of any one of the complainant's solicitors.

The acceptance of the proposition, that the complainant, with all its vast resources, was unable to bring such a suit during the few years following 1891, assumes the existence of an innocent credulity which the court, in justice to all, feels compelled to disclaim. Indeed, if the court may consider other suits between these parties, it would seem that the complainant cannot fairly be charged with inactivity in asserting and protecting its rights wherever they were considered worth protecting.

The defense of laches need not be pleaded. Richards v. Mackall, 124 U. S. 183, 187, 8 Sup. Ct. 437, 31 L. Ed. 396; Sullivan v. Railroad Co., 94 U. S. 806, 811, 24 L. Ed. 324; Manufacturing Co. v. Williams, 15 C. C. A. 520, 68 Fed. 489, 494; Walk. Pat. § 597.

Where a patent has lain dormant for 15 years and has been infringed by the defendant for 7 years with the knowledge of the complainant and without a word of protest a decree for an accounting should not be granted.

The bill is dismissed.