FRANK F. SMITH METAL WINDOW HARDWARE CO. v. YATES.

(Circuit Court of Appeals, Second Circuit.   June 6, 1917.)

No. 267.

1. PATENTS ⬅️326(2)—SUIT FOR INFRINGEMENT—VIOLATION OF INJUNCTION.
    A defendant cannot avoid the consequences of violating an injunction
    against infringement by doing so through the agency of a corporation
    organized by him.

2. PATENTS ⬅️326(1)—INFRINGEMENT—VIOLATION OF INJUNCTION—PROCEED-
    INGS FOR PUNISHMENT.
    While the question of infringement by a machine, which has been modi-
    fied after a decree and injunction against the original machine, will not
    be tried on a motion to punish for contempt, if the change is substantial,
    it may be so dealt with where the change is clearly only colorable.

Appeal from the District Court of the United States for the South-
ern District of New York.

Suit in equity by the Frank F. Smith Metal Window Hardware
Company against John W. Yates.  From an order and decree adjudg-
ing defendant in contempt for violating a decree granting an injunction
against manufacture and sale of sash pivots for windows, defendant
appeals.  He also seeks to review the District Judge's action in deny-
ing a rehearing of the motion to punish for contempt.  Affirmed.

See, also, 216 Fed. 361; 216 Fed. 359, 132 C. C. A. 503.

The following is the opinion of District Judge Augustus N. Hand in
the court below:

A decree was granted by this court, adjudging complainant's patent, No.
970,656, granted to Frank F. Smith for a transom adjusting device, valid and
infringed.  Frank F. Smith Metal Window Hardware Company v. Yates, 216
Fed. 361.  This decree was affirmed by the Circuit Court of Appeals in a
decision reported in 216 Fed. 359, 132 C. C. A. 503.  The cause was then re-
ferred to William Parkin, as master, whose report awarding treble dam-
ages to the complainant was confirmed.  A decree for $2,464.98, including
damages and costs, was thereafter made against Yates.  The latter transfer-
red his business to a corporation known as John W. Yates, Incorporated.
This transfer was adjudged by this court in fraud of Yates' creditors, and a
retransfer to the trustee in bankruptcy of Yates, who had filed a voluntary pe-
tition in bankruptcy, was ordered.  The foregoing sum of $2,464.98 was then
paid, and the decree setting aside the transfer vacated.  Yates is now resum-
ing his old course of persistent infringement and seeks to defend himself on
the grounds that (1) complainant's patent is invalidated because of the Bogen-
berger prior use; (2) that the transom adjusting device in question does not
infringe the patent in suit; (3) that if the patent is infringed, the infringing
device is not manufactured or sold by the defendant, but by the John W.
Yates, Inc., a corporation.

The complainant sought to reopen the case after final hearing because of
the Bogenberger prior use.  It is claimed that Bogenberger had a device
similar in all respects to complainant's and that his invention was as early
as April, 1907, whereas the date of complainant's invention is said to have
been July of that year.  Affidavits were submitted to Judge Learned
Hand for the purpose of securing the admission of testimony as to this
use, and he refused to reopen the case by reason of anything which was
brought to his notice relating to the Bogenberger invention.  I can
see no relevancy in discussing the Bogenberger device at this time.  The
validity of the patent in suit has been established and the very affidavits re-
lied upon are nothing more than copies of those heretofore unsuccessfully in-

troduced by the defendant before Judge Learned Hand. Furthermore, the copies of the affidavits offered fail to meet the burden devolving upon one seeking to establish a prior use by that convincing proof which the law requires. Something more than the mere statement of a man that he was the prior inventor of an article in all respects like the complainant's is necessary to supply that proof beyond a reasonable doubt which has been held to be necessary to render a patent right granted by the government invalid.

The stop which the John W. Yates, Incorporated, is putting out, defendant insists is not an infringement of the patent. His argument is based on the contention that in complainant's device there is an offset between the stop and the pivot of the latch, which brings them so far out of alignment that the pivot is subjected to a leverage which is likely to break or weaken it. The defendant insists that his new latch is so arranged that the body of the sash plate, instead of the pivot, takes the impact of the latch against the limit stop, thereby relieving the pivot from the shock and strain of the impact. In the present device manufactured by John W. Yates, Incorporated, the latch is upon the sash frame and the stop upon the window frame, just as in complainant's device, so that the infringement seems even clearer than that adjudicated by this court upon the trial, for there the latch was upon the window frame and the stop upon the sash. A careful inspection of the new infringing device would seem to indicate that the strain upon the pivot is not lessened, or the pivot reinforced to any degree which a practical use of the device requires, if at all. Even if I am wrong, these changes on the part of Yates are but slight improvements in the structure. This latch and stop attain the same result as complainant's in the same way, and the utmost he could claim would be certain narrow improvements which he is seeking to patent. These particular features, if patented, complainant might not have a right to use, but their presence in the new Yates' device would not avoid infringement of complainant's structure.

I am of the opinion that Yates is again attempting to deprive the complainant of the results of his invention, and that the reinforcement of the pivot, and the lessening, if any, of the leverage against it, furnish no basis for an escape from the charge of infringement. The defendant is undoubtedly guilty of infringement. He appears to be in charge, at least of the manufacturing end, of the business of the corporation, to which he transferred his assets. This transfer has already been held by this court to have been nothing more than a cover to avoid his creditors. He cannot escape his legal obligations by violating an injunction through the agency of a corporation, or even as an active employé in its business.

The infringing device comes so clearly within the claims of the adjudicated patent, and so closely resembles the old transom adjusting device, which was heretofore held to infringe, that I do not deem it necessary to take testimony as to the matters arising upon this motion, as was done in the case of Sundh Electric Co. v. General Electric Co. (D. C.) 217 Fed. 583. In the case of Bonsak Machine Co. v. National Cigarette Co. (C. C.) 64 Fed. 858, Judge Lacombe held that a question of infringement should not be tried on a motion to punish for contempt when the new machine is made under a patent issued after an injunction is granted. The defendant claims to manufacture under the Bogenberger patents, which antedate the injunction.

In the case of Crown Cork & Seal Co. v. American Cork Specialty Company, 211 Fed. 650, 128 C. C. A. 154, the Circuit Court of Appeals said that it was the practice in this circuit—"not to deal with modifications of a machine held to be an infringement, on motions to punish for contempt, unless the change was plainly a mere colorable equivalent; if the change was substantial fairly arguable as to its being covered by the patent, it has been the practice to leave the patentee to an application to enjoin its use." While it is possible that the defendant may have believed that the new device escaped infringement of the patent nevertheless the distinctions were so slight that I regard the new transom adjusting device as a mere colorable equivalent of the old, and for that reason hold that the defendant should be adjudged guilty of contempt of the injunction heretofore issued, and that the motion to restrain the manufacture and sale of the new infringing device should be granted. I shall not, however, hold the defendant as for a criminal contempt,

but shall limit the order to be made against him, as was done in the case of Proudfit Loose Leaf Co. v. Kalamazoo Loose Leaf Binder Co., 230 Fed. at pages 132–134, 134 C. C. A. 418, to a reimbursement of complainant's damages, costs, and expenses, including any damages on account of sales of the infringing device.

Settle order on notice.

Samuel E. Darby, of New York City, for appellant.

Stephen J. Cox, of New York City, for appellee.

Before COXE, WARD, and HOUGH, Circuit Judges.

COXE, Circuit Judge. [1] The record shows a persistent and disingenuous purpose on the part of the defendant to appropriate the invention of the complainant. It also shows an emphatic recognition of the value of the invention by the courts of this circuit.

The patent in controversy is No. 970,656, granted to Frank F. Smith September 20, 1910, for an improved pivot and pivoting mechanism for use in connection with fireproof windows whose sashes and frames are made of sheet metal. The District Court for the Southern District held this patent valid and infringed in an action against the defendant. This court affirmed the decree and a master has stated the damages to be $2,464.98. The defendant Yates, after the decree against him, transferred his business to a corporation known as the John W. Yates, Incorporated. This transfer was adjudged by the District Court to be in fraud of Yates' creditors and a retransfer to Yates' trustee in bankruptcy was ordered. The District Judge refers to Yates as a persistent infringer. His defenses to this action are that the patent is invalid because of a prior use by Bogenberger, that the new device does not infringe and, if it does, the device is made not by John W. Yates, but "John W. Yates, Incorporated," a corporation.

The court held that no new defense is presented in the present controversy. It is argued that the new stop which the so-called corporation is putting out is not an infringement because of some inconsequential changes. All this is thoroughly treated in Judge Augustus Hand's opinion and need not be reconsidered. The addition of the word "Incorporated" to the defendant's name does not enable him to escape the charge of infringement. The transfer to the corporation was adjudged a fraud upon creditors and the defendant was properly ordered to transfer all the property to the trustee in bankruptcy. The denial of the motion to reopen the case to receive evidence of the so-called Bogenberger prior use was within the discretion of the court. The device in controversy is the mechanical equivalent of the device which this court held to be an infringement of the Smith patent. We are unable to find any proof in the record showing that Yates owned or was licensed under the Bogenberger patent. Mere assertion is not proof. We are not required upon an appeal from an order of this character to discuss hypothetical questions not warranted by the proof. We do not find any proof that the defendant was licensed under the Bogenberger patent or that he now owns that patent. We have, however, examined the model of Bogenberger's apparatus submitted to

us, together with his patent, and after such examination consider it clear that Yates has neither made nor imitated Bogenberger's device, but has put out in the face of an injunction something which, within the narrowest range of mechanical equivalency, is the plaintiff's patented mechanism.

[2] It is admitted that where after decree and injunction a defendant's machine is reorganized by more than merely colorable changes, it is the better practice, if infringement thereby is asserted, not to proceed as for contempt, but to require plaintiff to bring a new action or seek a supplemental injunction. Crown Cork, etc., Co. v. American Cork, etc., Co., 211 Fed. 650, 128 C. C. A. 154. No such point arises here. Yates' present apparatus is scarcely a colorable change from that which was enjoined; a finding which requires that the order under review be affirmed with costs.