### YATES v. SMITH et al. *

(Circuit Court of Appeals, Third Circuit. February 3, 1921.)

No. 2600.

Patents ⬳328—897,449, for sash pivoting device, not infringed.

The Bogenberger patent, No. 897,449, for a sash pivoting device, as limited by amendment of the claims in the Patent Office, held not infringed.

Appeal from the District Court of the United States for the District of New Jersey; J. Warren Davis, Judge.

⬳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

271 F.—3 *Certiorari denied 251 U. S. —, 41 Sup. Ct. 534, 65 L. Ed. —.

Suit in equity by John W. Yates against Charles R. Smith, executor of Frank F. Smith, deceased, and another. Decree for defendants (271 Fed. 27), and complainant appeals. Affirmed.

Samuel Darby, of New York City (Walter A. Darby, of New York City, of counsel), for appellant.

Stephen J. Cox, of New York City, for appellees.

Before BUFFINGTON and WOOLLEY, Circuit Judges, and BODINE, District Judge.

BUFFINGTON, Circuit Judge. This case is the last of a protracted patent litigation between one Smith, a patentee, and Yates, his former business associate, wherein Smith's invention was finally sustained, infringement decreed and accounting ordered. See Smith v. Yates (D. C.) 216 Fed. 361, and 216 Fed. 359, 132 C. C. A. 503. During this litigation, no successful claim was made by Yates that Smith, in the prosecution and enjoyment of his business, was himself an infringer; but after the close of this litigation, and an attempt to reopen the controversy, Yates acquired from one Bogenberger a patent, No. 897,449, granted to the latter in 1908.

Though himself in the same general character of business as Smith, Bogenberger had never attempted to judicially enforce his patent against Smith. On Yates' acquiring this dormant patent, he brought this suit in the court below against Smith's representatives. On final hearing, that court, in an opinion rendered at 271 Fed. 27, dismissed the bill and thereupon Yates took this appeal.

The case concerns a mechanism actuating pivoted window sash, whereby, inter alia, such sash can be kept open at desired angles and their glass cleaned from inside a room. Reference to the opinion of the District Court, and to the prior litigation above referred to, will fully describe the art and prevent present repetition. On final hearing, the District Court dismissed Yates' bill on the ground of laches. Without discussing that particular ground of dismissal, upon which we express no present opinion, we rest our decision, affirming the decree below. on the simple and sufficient ground that infringement was not shown. In that regard, and without needlessly going into details, it suffices to say that in the two combination claims of Bogenberger's patent there is in one the element of "a supporting member adjustably secured to the stile of the frame," and in the other the element of "an arm adjustably secured to the stile of the frame." In Smith's device, the element of adjusting mechanism is located, not on the stile of the stationary window frame, as in Bogenberger's, but on the frame of the tilting window sash. Under ordinary circumstances, the question of whether this difference was a mere transposition of parts or a palpable mechanical change of location without difference in functional efficiency might possibly result in decreeing infringement. But an examination of the file wrapper of Bogenberger's application shows that the express location of the adjusting mechanism on the frame and the nonlocation of it on the sash fixed the claim boundary to which Bogenberger, under stress of patent rejection, was then limited, and thereby secured the claims here in suit.

The claims he originally made contained no location limitation. They were rejected by reference, inter alia, to the patent of Patterson, No. 128,651. Its subject-matter was a mirror swinging in a stationary frame, and the adjusting mechanism was located on the mirror. Under stress of this reference, and to avoid rejection, Bogenberger canceled, and substituted for his canceled claims, the present ones, which located the adjusting mechanism on the frame. We are not concerned with the question whether this action of the department was right (Vanmanen v. Leonard, 248 Fed. 939, 161 C. C. A. 57), or whether Bogenberger, by contesting, could justly have obtained a broader claim. The decisive thing is that, whatever contention to the contrary Bogenberger might have made, he did not make it, but himself became the actor, and tendered and accepted claims which restricted him to location limits, namely, on the frame of the window. Such being the condition of claim limitation and the consideration for which his patent issued, it follows that this location limit must be enforced, when he attempts on patent enforcement to expand his claims by emasculating such enforced limitation. For this court to adjudge otherwise would be for us to now in effect, and under the guise of mechanical equivalents, undo the action of the Patent Office and close to the public a field of manufacture which Bogenberger disclaimed, and which the Patent Office forced him to make as a condition of securing his claim.

We meet the measure of judicial duty by construing that contract as it was made, and it was made with claim limitations, which we now enforce by dismissing this bill, on the ground that the restricted claims have not been infringed.