## SCHEY v. GIOVANNA.

(Circuit Court of Appeals, Second Circuit. May 18, 1921.)

No. 232.

Patents ⟳326(2)—Infringement after decree and injunction punishable as contempt.

A change on an infringing device by a defendant after decree and injunction against him *held* merely colorable, and his use or sale of the changed device punishable as a contempt.

Appeal from the District Court of the United States for the Southern District of New York.

Suit in equity by Max Schey against George Giovanna. From an order finding him in contempt, defendant appeals. Affirmed.

Giovanna had been sued in ordinary form as an infringer of United States Patent No. 902,724, and final decree had passed against him, pursuant to which injunction issued restraining him, his "servants and agents," from "directly or indirectly making or causing to be made, using or causing to be used, or vending to others to be used, or contributing to the making, using, or vending of any apparatus" covered by the claims of said patent. The contempt found consisted in selling alleged infringing articles and making such sales in the name of a relative bearing the same name as himself.

Henry J. Lucke, of New York City, for appellant.
O. Ellery Edwards, Jr., of New York City, for appellee.

Before WARD, ROGERS, and HOUGH, Circuit Judges.

HOUGH, Circuit Judge. The patent for infringement of which Giovanna had been condemned covers his own invention, and is 902,-724, for an apparatus for broiling meats and the like. He is said to have infringed claims 1, 2, 3, and 6.

The device which ordinarily embodies the patent is called a rotisserie, and Giovanna, before the suit resulting in the injunction aforesaid, had assigned to plaintiff both the patent and the good will of a business which included or consisted in the sale of rotisseries and parts thereof. For the purposes of this case, and without making any holding on the subject, we shall assume that such a defendant stands in no other rela-

tion to such a patent injunction as this, than does any infringing stranger.

We see no reason to depart from the rule laid down in Frank F. Smith, etc., Co. v. Yates, 244 Fed. 793, 157 C. C. A. 241, to the effect that the question of infringement by a device, which has been modified after decree and injunction, will not be tried on a motion to punish for contempt, if the change so made is substantial, but it may be so dealt with where the change is colorable only.

Infringement after final decree and in violation of injunction is just as much infringement as is the same act committed before suit brought; all infringers are tort-feasors, and a plurality of infringers are joint tort-feasors, and are also liable severally. Featherstone v. Ormonde, etc., Co. (C. C.) 53 Fed. 110. The court below has found in substance that appellant merely used the name of his relative as a cover for his own transactions, and we see no reason to disagree with that finding. While, therefore, he would be liable jointly with his relative of the same name, if he knowingly assisted in that relative's infringement, this case does not require any consideration of the question as to how far this particular Giovanna acted as a mere servant, without intent or knowledge of personal wrongdoing.

The substance of the patent invention is the provision in a roasting or broiling device of a plurality of spits, each provided with a sprocket wheel capable of meshing with some form of endless driving device, to the end that all the spits may be simultaneously driven by one actuating power. The novelty and utility of the patented machine arose from the ready and independent detachability of any one spit without disturbing the continued rotation of the others. It is not necessary to quote at length the claims declared valid and infringed by appellant; it suffices to say that all but claim 6 do not specify the "driving means" further than by the use of that phrase. The sixth claim is limited to an endless driving chain meshing with the sprocket wheel on each spit. There was nothing new about this; the inventive thought lies in the ready detachability of any one of a plurality of spits without interfering with the continued rotation of the others.

We are satisfied with the court below that appellant, in selling rotisseries after injunction, has made no change in the patented device, except by the substitution of either a worm or a spur gear device for the chain drive specified in claim 6 and shown in the drawings attached to the specification. Such substitution plainly does not affect claims 1, 2, and 3; and when (in a rotisserie) a spur or worm device is substituted for a chain drive, the attempted evasion is within the narrowest range of mechanical equivalence.

Consequently appellant's evasion is merely colorable, was properly punished in contempt proceedings, and the order appealed from is affirmed, with costs.