### PERFECTION COOLER CO. et al. v. ROTAX CO., Inc.

(Circuit Court of Appeals, Second Circuit. January 7, 1924.)

No. 135.

Patents ⊙═326(4)—Defendant fined for contempt cannot appeal until after final decree.

Defendant in suit for infringement of patent cannot appeal from an order adjudging him guilty of contempt and fining him for the use of the plaintiff until after final decree, and in this connection a final decree is one that terminates the litgation, and it is immaterial that an interlocutory order for all practical purposes finally adjudicates most important points, title and infringement.

Appeal from the District Court of the United States for the Southern District of New York.

Suit in equity by the Perfection Cooler Company and another against the Rotax Company, Inc. There was an order declaring defendant in contempt, and fixing punishment, and he appealed. On motion to dismiss appeal. Motion granted.

In suit upon a patent, plaintiff had the usual interlocutory decree for injunction and accounting. Defendant thereupon appealed to this court, which affirmed the decree. 285 Fed. 1021. The cause having been returned to the District Court, the accounting was still in progress and uncompleted when plaintiff moved to punish defendant for violation of the above-recited injunction. The court below found that defendant had while enjoined made and sold infringing articles, i. e., manufactured goods differing only in immaterial particulars from those previously declared to infringe by both courts. Thereupon defendant was declared in contempt, fined $500 for the use of plaintiff, and such additional sum as the master should find to be plaintiff's damages by reason of the contemptuous infringement.

From the order declaring contempt and fixing punishment defendant took his appeal, whereupon plaintiff moved to dismiss the same.

Duell, Warfield & Duell, of New York City (Frederic P. Warfield, L. A. Watson, Lawrence Bristol, and Willis B. Rice, all of New York City, of counsel), for appellant.

William G. McKnight, of New York City (Merrill E. Clark, of New York City, Harrison F. Lyman, of Boston, Mass., and A. S. Pattison, of Washington, D. C., of counsel), for appellees and motion.

Before HOUGH, MANTON, and MAYER, Circuit Judges.

⊙═For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes.

HOUGH, Circuit Judge (after stating the facts as above). The history of this case is substantially identical with that of Union Tool Co. v. Wilson, 259 U. S. 107, as related at page 109, 42 Sup. Ct. 427, 66 L. Ed. 848. That decision is enough to show that, however important is an affirmed interlocutory decree in a patent cause, made after what is commonly called "final hearing," such decree is not "final" in the technical sense of that word. It makes no difference that for all practical purposes it finally adjudicates most important points, i. e., title and infringement; it remains interlocutory because it does not terminate the litigation. A final decree does perform that function, and, under ordinary circumstances, the court, having made such a decree, loses jurisdiction, except to enforce its own final action. The reservation of jurisdiction over some special matter, with leave to apply for decision or relief "at the foot of the decree," does not prevent technical finality. Such reserved matters are always properly of a subsidiary nature, and not inconsistent with finality on all the main issues. American Co. v. Metropolitan, etc., Co. (C. C. A.) 275 Fed. 40.

The Wilson Case also sufficiently emphasizes the difference between a fine for contempt imposed as compensation to the complaining party and a fine imposed as punishment in vindication of the court's authority. Admittedly the fine under consideration belongs to the first class. The same decision, by citation of Matter of Christensen Engineering Co., 194 U. S. 458, 24 Sup. Ct. 729, 48 L. Ed. 1072, and Doyle v. London, etc., Co., 204 U. S. 599, 27 Sup. Ct. 313, 51 L. Ed. 641, insists on the rule that when the penalty imposed is merely compensatory the party found in contempt cannot "institute any appellate proceedings until after final decree."

This appeal has been taken before final decree, and therefore the motion to dismiss must prevail.

Prior to the Christensen Case in 194 U. S. 458, 24 Sup. Ct. 729, 48 L. Ed. 1072, it was undoubtedly the practice in this circuit at all events to review any imposition of penalties for contempt by writ of error. See Gould v. Sessions, 67 Fed. 163, 14 C. C. A. 366. But in Heller v. National Co., 168 Fed. 249, 93 C. C. A. 551, the rule was laid down that in respect of a remedial fine the remedy must be by appeal, and not writ of error. Appeals in this court and in patent causes of late years from penalties for contempt remedially imposed have been from orders entered after final decree; e. g., Smith, etc., Co. v. Yates, 244 Fed. 793, 157 C. C. A. 241; Bernard v. Frank, 179 Fed. 516, 101 C. C. A. 459; Gordon v. Turco, etc., Co., 247 Fed. 487, 159 C. C. A. 541; Schey v. Giovanna (C. C. A.) 273 Fed. 515.

McCall v. Bladworth, 290 Fed. 365, is an instance of appeal from final order, in that the court below had refused to punish for contempt, and then entered an order reprimanding an attorney, which in a technical sense had nothing whatever to do with the matters in controversy between the parties to that case.

The result of the rule so recently insisted upon by the Supreme Court is that, where the usual interlocutory decree has been entered in a patent cause, the plaintiff who thinks that his injunction is being invaded has his option of either filing a supplemental bill and getting a further

and more specific injunction, or of proceeding by way of contempt. If he pursues the former course any new injunction may be made the subject of a new appeal; but, if he pursues the latter, there can be no appeal until final decree is entered, provided that the penalty imposed is purely remedial.

Motion to dismiss granted without costs.