## POLLITZER et al. v. FOSTER.
### No. 5952.

Circuit Court of Appeals, Sixth Circuit.
June 27, 1932.

Clifford E. Dunn, of New York City (Holland Duell, of New York City, Alexander T. Schenck, of Newark, N. J., Daniel H. Kane, of Far Rockaway, N. Y., Duell, Dunn & Anderson, of New York City, and Fay, Oberlin & Fay, of Cleveland, Ohio, on the brief), for appellants.

Merrell E. Clark, of New York City (John B. Hull, of Cleveland, Ohio, on the brief), for appellee.

Before MOORMAN, HICKS, and HICKENLOOPER, Circuit Judges.

MOORMAN, Circuit Judge.

This is an appeal from a decree of the District Court dismissing a bill of complaint which charged infringement of Truffault reissue patent No. 12,347 and the Hartford patent No. 1,080,630. Both patents relate to shock absorbers for vehicles. The decree of dismissal was based on a finding of non-infringement. The defendant had interposed the further defense of laches and equitable estoppel. We confine our consideration of the case to the latter defense.

The original Truffault patent issued in March, 1902, and the reissue was January 16, 1906. The Hartford patent issued December 9, 1913. In December of 1911 the defendant put on the market the Gabriel snubber, the device alleged to infringe. This snubber superseded the Foster shock absorber previously manufactured by the defendant. In April of 1912 E. V. Hartford and the Hartford Company, the owners of the patents in suit, brought suit in New York on the Truffault reissue patent against a dealer, alleging infringement by the sale of one of defendant's Foster shock absorbers. This suit was filed more than a year after the defendant had put the Gabriel snubber on the market and after the plaintiffs therein had notice of its manufacture and sale through an advertisement in a trade magazine in which their shock absorber was also advertised. It was defended by the defendant in this case. A preliminary injunction was issued May 7, 1912. On the same day an order was entered permitting the complainants to advertise the issuance of the injunction but forbidding them to mention "the new device," the Gabriel snubber, or the manufacturer thereof, the Gabriel Horn Manufacturing Company. On the following day a final decree was entered finding infringement and making the injunction perpetual. On December 9, 1913, the Hartford patent was issued, and December 31, 1913, the plaintiffs herein brought suit in Buffalo, N. Y., against Brown, a dealer, alleging infringement of the Hartford patent by the sale of a Gabriel snubber. The case was never brought to trial. On February 11, 1919, the same plaintiffs brought this suit upon both the Truffault reissue and Hartford patents, alleging that the Gabriel snubber infringed both of them. Answer was filed by the defendant on May 31, 1919. The case remained dormant until December 8, 1925, when Henrietta Pollitzer suggested to the court the death of E. V. Hartford, and as his administratrix asked leave to become a party to and continue the action. An order making her a party plaintiff was entered, and thereafter the case was passed from time to time until it was brought to trial December 3, 1930, six days before the expiration of the Hartford patent, and more than eleven years after the expiration of the Truffault patent.

When the suit was brought in Buffalo in 1913, the defendant had been selling the Gabriel snubber for two years in competition with the Hartford Company, and that company, though suing for infringement of the Hartford patent, did not claim infringement of Truffault. Without bringing that suit to trial, the Hartford Company waited until February 14, 1919, within one month of the expiration of the Truffault patent, and then brought the present suit for infringement of both patents, the Hartford patent being the same patent involved in the Buffalo case and the device alleged to infringe, the Gabriel snubber, being the same in each case. Meanwhile the defendant had manufactured and sold hundreds of thousands of Gabriel snubbers for hundreds of thousands of dollars, building up a lucrative business in that product. In such circumstances the only relief to which plaintiff in any event would be entitled would be an accounting.

The long inaction of the plaintiffs, as indicated above, amounted in our view to such laches as to create an equitable estoppel against their claims for damages and an accounting. We understand, of course, that a delay which will serve as an equitable estoppel must be of the character which jus-

tifies the belief that there is assurance of immunity from a claim of liability. But as said in Dwight & Lloyd Sintering Co. v. Greenawalt (C. C. A.) 27 F.(2d) 823, 827, "each year as it passes inevitably builds up a belief, if nothing has been done, that the patentee does not suppose his rights invaded." This inference arising from the passing of the years is especially applicable to the Truffault patent. The plaintiffs, knowing that the defendant was engaged in the manufacture and sale of the Gabriel device, and seemingly conceding in the 1912 New York litigation the noninfringement by that device of the Truffault patent, brought suit, in 1913, not upon that patent, but upon the Hartford patent, and, after permitting that suit to die, waited until shortly before the Truffault patent expired before filing suit thereon, and then did not bring that suit to trial until nearly eleven years thereafter. This course of action is sufficient to raise a bar against an accounting or the recovery of damages for infringement of Truffault. Dwight & Lloyd Sintering Co. v. Greenawalt, supra; Westinghouse Air Brake Co. v. New York Air Brake Co. (C. C.) 111 F. 741; Mosler & Co. v. Lurie (C. C. A.) 209 F. 364, 370, 371; Meyer Mfg. Co. v. Miller Mfg. Co. (C. C. A.) 24 F.(2d) 505.

Again, the failure diligently to prosecute a suit may be as fatal to a claimant's right to recover as if no action had been instituted. Johnston v. Standard Mining Co., 148 U. S. 360, 13 S. Ct. 585, 37 L. Ed. 430; Willard v. Wood, 164 U. S. 502, 17 S. Ct. 176, 41 L. Ed. 531; Haynes & Co. v. Druggists' Circular (C. C. A.) 32 F.(2d) 215, 217, 218. This principle is applicable to the plaintiffs' claims based on the Hartford patent. Suit was brought on that patent in 1913, but was abandoned, and more than five years later another suit was instituted which was not brought to trial until nearly eleven years thereafter. There is nothing in the record to show that this latter action might not have been prosecuted with expedition. Five years elapsed between the filing of the answer and the taking of any step looking to the prosecution of the case. Six more years elapsed before it was brought to trial. The record fails to show any reason for these delays. The plaintiffs knew that defendant was manufacturing and selling large quantities of the Gabriel snubber, that it had begun the manufacture of them two years before the Hartford patent was issued, and yet they abandoned their first suit, neglected for six years to file another, and, after filing it, waited eleven years, without reasonable excuse, before bringing it to trial.

In view of their inaction as to this patent, the plaintiffs cannot be permitted at this late date to recover thereunder.

The decree is affirmed.