### STEVENS v. CARL SCHMID, Inc.
### No. 334.

Circuit Court of Appeals, Second Circuit.

Sept. 17, 1934.

Crichton Clarke, of New York City, for appellant.

F. O. Richey, of Cleveland, Ohio (B. D. Watts, of Cleveland, Ohio, and Morris Hirsch and Dean, Fairbanks, Hirsch & Foster, all of New York City, on the brief), for appellee.

Before MANTON, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

SWAN, Circuit Judge.

The patent in suit, No. 1,605,445 to Fred L. Killian, dated November 2, 1926, was acquired by the plaintiff by assignment. It describes a machine for forming an annular bead on the open end of toy balloons, finger cots, nipples, gloves, and other tubular rubber articles. The machine of the patent has a power-driven endless belt provided with a row of upstanding pins upon each of which

the operator places a "bottle" or form coated with a thin film of unvulcanized rubber. The endless belt carries each form past a rotary brush set at an incline and so arranged that the lower end of the brush starts to roll up the rubber at the base of the advancing form and the inclination of the brush causes the bead to be rolled uniformly to the desired height on all the bottles. In advancing past the bead-forming brush, each bottle is caused to rotate on its pin so as progressively to present its whole circumference to the brush. The mechanism for this consists of a second endless belt which is spring-pressed against the neck or base of the bottle and operates upon it by friction to rotate the bottle; the bottle neck being pressed against an angle iron track which engages in a groove in the bottle neck and thus keeps the bottle from being lifted off its pin by the upward brushing action of the bead-forming brush. After the beads have been rolled, the rubber articles are vulcanized and then stripped from the bottles, but operations subsequent to the formation of the bead are not performed by the machine of the patent in suit.

The claims relied upon are numbers 1, 8, 9, 11, and 15 to 20, inclusive. It will suffice to quote the broadest:

"15. In a device of the class described, a rotary brush, means to carry forms into operative engagement with said brush and means to directly engage and rotate said forms."

The defendant contests both validity of the patent and infringement of it. In the defendant's machine the forms are set in two rows in a multiple bottle board (which is moved past two rotary brushes, one for each row of bottles) and are rotated by gear and rack mechanism, as shown in the patent to Kurkjian No. 1,822,443, dated September 8, 1931. In June, 1929, the defendant took a license under the patent in suit and operated under it for two years. Shortly after the defendant repudiated the license, this suit was started.

In contending that the patent in suit is invalid for lack of novelty and invention, the defendant relies strongly upon the Hadfield patent, No. 1,097,017, dated May 19, 1914, and evidence as to the prior use of a Hadfield machine. It seems to be conceded that the Hadfield machine was better than the machine of the Hadfield patent and the nearest thing in the art to the machine of the Killian patent. The issue whether the Hadfield machine was a good prior use was first litigated before Judge Westenhaver in the Northern district of Ohio in the case of Stevens v. J. L. Shunk Rubber Co. His decision,[1] rendered in December 1927, held that it was not, and was adhered to by him in two later suits against other defendants. All the evidence which was before Judge Westenhaver was introduced before Judge Bondy in the case at bar and was supplemented by additional testimony. His opinion states that he has given the question independent examination and reached the same conclusion. Both of these experienced judges found that the evidence did not meet the stringent requirements of proof of a prior use. See The Barbed Wire Patent, 143 U. S. 275, 282, 12 S. Ct. 443, 450, 36 L. Ed. 154. We agree with them. Although there was testimony tending to prove that Hadfield's machine was used for a year and a half or two years until its continued operation was prevented by public authorities in 1912 because of the character of the articles which were being manufactured, there was also testimony by former employees of Hadfield that the machine was never used commercially to roll beads. Certain it is that the machine was dismantled and abandoned for fourteen years until the litigation in Ohio furnished occasion for recollection of it. It seems incredible that the old method of manufacture by hand should have continued for so long a period if manufacturers had within their grasp so important an advance in the art as the Hadfield machine is said to have embodied. The District Judge saw the defendant operate a model of the Hadfield machine and stated that it did not produce a satisfactory bead. On such a question his finding is entitled to full weight. General Motors Co. v. Swan Carburetor Co., 44 F.(2d) 24, 26 (C. C. A. 6). He commented upon the lack of means to guide the forms between the two rollers of the Hadfield machine and the absence of any device for automatic adjustment of the space between the rollers so as to accommodate forms of different diameter, and he concluded that it would not accomplish the purpose for which it was intended. Hadfield made no impression upon the art. The appellant has not satisfied us that Hadfield attained the result at which Killian arrived, and we see no reason to reverse the finding of the District Court that his machine was not an anticipation. If the machine was not, neither was Hadfield's patent.

In addition to the alleged prior use of the Hadfield machine, the defendant also relies

[1] Orally.

on several prior patents and argues that no invention was involved in the patent in suit because all Killian did was to rotate the forms of Hadfield (No. 1,097,017), Brubaker (No. 1,192,383), and Mahony (No. 1,154,191) in a manner obvious to any good mechanic and clearly disclosed in the art of rotating forms on a traveling pin conveyer in patents for painting bobbins, to Baldwin (No. 296,506) and Elliott (No. 1,153,679). The prior patents were examined by Judge Westenhaver and again considered by Judge Bondy. It is unnecessary for us to discuss them in detail. None is an anticipation in itself; each patented machine requires modification and combination with some other structure, and there is no evidence that a machine constructed with the proposed changes would produce the results of Killian. On the other hand, that Killian's conception was within the skill of any good mechanic is refuted by the fact that the art felt the need of a machine, but continued to roll beads by hand until Killian arrived. The prima facie validity of the patent is further strengthened by the fact that the Hadfield and Brubaker patents were cited against it in the Patent Office. Smokador Mfg. Co. v. Tubular Products Co., 31 F.(2d) 255, 257 (C. C. A. 2). It is likewise supported by commercial success (Eibel Process Case, 261 U. S. 45, 66, 43 S. Ct. 322, 67 L. Ed. 523) and by the acquiescence of competitors (including the defendant) in taking licenses under the patent. Wahl Clipper Corp. v. Andis Clipper Co., 66 F.(2d) 162, 165 (C. C. A. 7).

The defense of noninfringement is predicated upon the defendant's use of a rack and pinion instead of a friction device to rotate the forms as they pass the bead-forming brush. As the District Court correctly held, these are mechanical equivalents. See Schey v. Giovanna, 273 F. 515, 516 (C. C. A. 2).

The defendant also contends that the plaintiff is estopped to contend that Killian's patent covers a gear board machine, and that, if the two machines are held to be the same for purposes of infringement, then the patent in suit is invalid as an attempt to reclaim what Killian had concealed, suppressed, and abandoned. This argument is based on the fact that in February, 1922, Killian made an experimental bead-rolling machine of the gear board type which he abandoned for the pin conveyor type of the patent in suit until January, 1928, when he sought to obtain a patent for it as a separate invention. This application was brought into interference proceedings with Unger, whose application was as-

signed to the plaintiff, and into public use proceedings with McCue. Since Killian's gear board machine, in which the forms were rotated by rack and pinion, was not used secretly for commercial purposes, the rule laid down in Kendall v. Winsor, 21 How. 322, 328, 16 L. Ed. 165, as to the effect of concealment for personal profit, is inapplicable. It constituted merely an experiment in the development of the machine he did patent. He was not obliged to disclose in his application for the patent in suit all forms of embodiment of his invention; nor does his failure to do so deprive him of the doctrine of equivalents. See Winans v. Denmead, 15 How. 330, 343, 14 L. Ed. 717; United States v. Societe Anonyme, etc., 224 U. S. 309, 328, 32 S. Ct. 479, 56 L. Ed. 778. Whether the gear board type of machine is a patentable improvement upon the machine of the patent in suit we need not consider; it may still be an infringement. Neither by filing an application for an improvement nor by attempting to patent an equivalent does an inventor estop himself from relying upon the claims of his earlier patent. Cf. Reo Motor Car Co. v. Gear Grinding Mach. Co., 42 F.(2d) 965 (C. C. A. 6).

Decree affirmed.