**FRANK B. KILLIAN & CO. OF AKRON, OHIO v. ALLIED LATEX CORP. et al.**

United States District Court
S. D. New York.
July 21, 1950.

Dean, Fairbank & Hirsch, New York City, Gottwald, Hershey & Hatch, Akron, Ohio, and Richey & Watts, Cleveland, Ohio, Morris Hirsch, New York City, Donald Gottwald, Akron, Ohio, and B. D. Watts, Cleveland, Ohio, for plaintiff.

Mock & Blum, New York City, Asher Blum, New York City, for defendants.

BONDY, District Judge.

This is an action for infringement of Killian Patents No. 1,605,445, issued November 2, 1926, and No. 2,128,827, issued August 30, 1938, both relating to the art of manufacturing thin dipped rubber articles and particularly prophylactics.

Patent No. 1,605,445 is for a machine for the manufacture of uniform annular beads on the open end of thin rubber tubular articles. The machine of this patent was the first to roll such beads. It went into immediate use throughout the industry and completely replaced the former method of rolling such beads by hand. It has never been replaced, though the patent expired more than six years ago. Plaintiff's competitors procured licenses and paid royalties thereunder.

The patent was issued after consideration by the Patent Office of Hadfield Patent No. 1,097,017 and Brubaker Patent No. 1,192,383, relied on by defendants as anticipations.

The patent was held valid and infringed in Dean Rubber Mfg. Co. v. Killian, 8 Cir., 106 F.2d 316, certiorari denied 308 U.S. 624, 60 S.Ct. 380, 84 L.Ed. 521; Stevens v. Carl Schmid, Inc., 2 Cir., 73 F.2d 54, certiorari denied 294 U.S. 721, 55 S.Ct. 548, 79 L.Ed. 1253; and in the following unreported cases in the Eastern Division of the Northern District of Ohio: Stevens v. Stardant Rubber Co.,[1] Equity No. 2508, and Stevens v. Perfection Rubber Co.,[1] Equity No. 2507, both decided February 16, 1928; and Stevens v. J. L. Shunk Rubber Co.,[1] Equity No. 2213, decided December 21, 1927. Those courts sustained the patent after careful consideration of the Hadfield and Brubaker patents and evidence which was substantially the same as introduced at this trial. This court likewise concludes on the record before it that the patent is valid.

Claims 1, 8, 9, 11 and 15 to 20, now at issue, were held to be infringed in those actions. Claim 15, the broadest, reads: "In a device of the class described, a rotary brush, means to carry forms into operative engagement with said brush and means to directly engage and rotate said forms." Each of the claims at issue includes such means. Claim 15 was considered in Stevens v. Carl Schmid, Inc., supra, and in Dean Rubber Mfg. Co. v. Killian, supra.

Defendants contend that their accused machines do not infringe the patent in that they used two rollers instead of a single brush or roller and that they follow the Hadfield machine, not the Killian device.

However, one of the rollers of defendants' accused devices is functionless, and the rollers can be adjusted so as to render one of them functionless. Defendants' machines operate satisfactorily with one roller. Indeed, after the Killian Patent expired, defendants used only one roller on their machines. With one roller functioning, the accused devices operate substantially as disclosed in the Killian Patent and as covered by the claims in suit. Infringement is not avoided by the addition of an element to a patented device even if that element constitutes an improvement. Mills Novelty Co. v. Monarch Tool & Mfg. Co., 6 Cir., 76 F.2d 653, 655; Voices, Inc. v. Uneeda

1. No opinion for publication.

Doll Co., 2 Cir., 32 F.2d 673. Nor is it avoided by making an element in two parts or by adding to the Killian device a second roller which is not needed and does not function when the first roller is working. See Simplex Piston Ring Co. v. Hamilton, D.C., 21 F.2d 196, 199, affirmed 25 F.2d 1022.

■ The accused machines follow Killian and not Hadfield. Parts of the accused devices are mere mechanical equivalents of the Killian machine. In both machines the conveyor moves the form lengthwise of the rotating element while the forms are prevented from upward movement and are directly engaged with the friction member which rotates them at a uniform rate of speed. In both machines beads are rolled on the open end of thin dipped rubber articles on the forms. In mode of operation and results defendants' accused bead roller is the same as the Killian device.

The court accordingly concludes that the patent is valid and infringed.

■ The corporate defendant can only be held for infringement between September 17, 1941, six years before the action was commenced, and November 2, 1943, when the patent expired.

Killian Patent No. 2,128,827 is for a method and apparatus for manufacturing automatically, rapidly, continuously and without the intervention of human hands complete and ready to use thin dipped rubber goods such as prophylactics. The steps in the method disclosed were automatically forming a film of latex of desired thickness in its various parts, rolling a bead on the open end of the film, curing the film, dusting the article and removing the dusted article from the form ready for use.

The apparatus included an endless conveyor for moving forms successively past stations for carrying out each of these steps and moving the forms past a cleaning station where the forms were made ready for a repetition of the aforesaid cycle of steps. The first step, that is the film forming step, was the crux of the invention. This was accomplished by passing the form into and out of a latex bath at a high rate of speed, picking up and carrying out of the bath on the form an excess of latex and then distributing the excess so that a predetermined part of it was retained on the form and distributed thereon circumferentially and longitudinally by mechanical movements which consisted in constantly rotating the form combined with oscillations of the rotating form above and below the horizontal in a vertical plane until water had been evaporated and the latex had become nonflowing and set.

The angular extent and the time duration of the oscillations determine the rate and the extent of the longitudinal flow of the latex and therefore the distribution of latex and resulting variations of thickness of the various parts and in this manner produce the film from the relatively thin latex in but one dip.

■ Prior to 1930, when the application for this patent was filed, there had been many attempts to devise methods and apparatus for making dipped rubber articles from latex, and a number of patents covering such methods and apparatus were granted. Patents Nos. 1,908,719, 1,717,248, 1,719,633, 1,548,689, 1,542,388, 1,791,060, 1,792,187. These made use of coagulants which could not be used for prophylactics or were suitable for making thick walled articles, such as gloves and bathing caps, but not for mass, continuous and low cost production of prophylactics. What Killian accomplished, and what the art did not have until he appeared with his invention, was the removal of a considerable quantity of latex from a bath on a form and transportation thereof away from the bath while retaining it and distributing it on the form and while causing the latex to set in the distributed position, controlling the distribution of latex on the form by simultaneously rotating and oscillating the form and providing a continuous process for making dipped rubber goods such as prophylactics from latex and making a machine which can do continuously and automatically and rapidly what had previously been done step by step with the aid of manual

**284**

labor. This involved invention. See Goodyear Tire & Rubber Co. v. Ray-O-Vac Co., 321 U.S. 275, 279, 64 S.Ct. 593, 88 L.Ed. 721; Eibel Process Co. v. Minnesota & Ontario Paper Co., 261 U.S. 45, 63, 43 S.Ct. 322, 67 L.Ed. 523; Hildreth v. Mastoras, 257 U.S. 27, 34, 42 S.Ct. 20, 66 L.Ed. 112; Expanded Metal Co. v. Bradford, 214 U.S. 366, 29 S.Ct. 652, 53 L.Ed. 1034; Dean Rubber Mfg. Co. v. Killian, 8 Cir., 106 F.2d 316, 320.

Latex prophylactic makers in this country adopted the Killian method and apparatus under license agreements and paid royalties thereunder.

■ The prior art relied on by defendants was cited by the Patent Office before granting the patent. The Dutch Patent No. 2002 and Williams Patent No. 1,180,358 are the two prior art patents on which defendants mainly rely. The object of the Dutch invention was to make solid balls of crude rubber from latex, and involved the coagulation of the latex by means of smoke or other volatile means. It was not designed for thin walled articles such as prophylactics. The stick on which the balls were formed did not oscillate above and below the horizontal. It was kept horizontal throughout its travel outside the latex bath. The Dutch disclosure cannot be adapted, without changes in operation, to produce the Killian films. There is no proof that the Dutch Patent was ever put to use even to make crude rubber balls. "The fact that a prior art device, even though adaptable, was not in fact adapted, strongly indicates that the changes were not obvious and involve more than mechanical skill." Trabon Engineering Corp. v. Dirkes, 6 Cir., 136 F.2d 24, 26. Neither the Williams Patent, Mitzel Patent No. 1,385,528, Mueller Patent No. 1,708,429 nor Kiefer Patent No. 1,499,619, on which defendants also rely for anticipation, show any oscillation of the forms above and below the horizontal, combined with rotation, for the desired distribution of the latex, or the operation of controlling the movement of the forms between the vertically up and vertically down position.

■ Killian Patent No. 2,128,827, in the opinion of the court, accordingly is valid.

■ Plaintiff charges that defendants' first accused machine infringes claims 6, 11, 14 and 15 and defendants' second accused machine infringes claims 2, 3, 4, 5, 6, 7, 11, 14 and 15 of the Killian Patent. It appears by stipulation and proof that the construction and operation of the two accused machines show that in operation the process disclosed in the patent, including the forming of a film of latex on a form, rolling a bead, curing the film, dusting the article, removing the article from the form and cleaning the form, is substantially copied. In the film forming step defendants oscillate the rotating form above and below the horizontal. However, they seek to avoid infringement on the ground that the oscillations above and below the horizontal are accidental or inevitably due to the wear of the track. The evidence discloses that when the form was kept horizontal a thick ring of latex collected near the junction of the semi-spherical and cylindrical part of the form and made a worthless product, but by a single rapid up and down tilting of the form the ring was distributed longitudinally of the form. That the oscillations were caused by the wear of the tracks and by humps was not satisfactorily established. The installation of a short portion of stainless steel track, which had not worn, showed substantial oscillation above and below the horizontal. Depressions worn in the top surface of a soft track set to hold the forms horizontal, would not tilt the forms up above the horizontal. There is evidence establishing that the down tilts generally equalled the up tilts. This casts doubt on defendants' assertion that infringement was due to the wear of the track or to the "humps". Defendants' machines used the combined rotary and oscillatory motions of the Killian Patent, and the court believes that the rotating forms were oscillated purposely and not accidentally.

Compared with the claims charged to be infringed, defendants' machines use substantially the same method and apparatus and obtain the same results. In-

fringement by both machines is accordingly established.

The court is not satisfied that defendant Strauss exceeded his duties as an officer and director of the corporate defendant so as to be subject to personal liability for the infringement of the two patents. See Claude Neon Lights, Inc. v. American Neon Light Corp., 2 Cir., 39 F.2d 548, 551. The evidence is insufficient to show that he personally participated in the manufacture of the infringing machines or that he used the corporation as an instrument to carry out his own willful and deliberate infringement. See Dangler v. Imperial Mach. Co., 7 Cir., 11 F.2d 945, 946–947, cited with approval in Claude Neon Lights, Inc. v. American Neon Light Corp., supra.

It follows that the corporate defendant alone is liable for the infringements and that the complaint must be dismissed as to the individual defendant.