WINCHESTER REPEATING ARMS CO. v. PETERS CARTRIDGE CO.

(Circuit Court of Appeals, Second Circuit. January 9, 1911.)

No. 111.

PATENTS (§ 328*)—INFRINGEMENT—PAPER-SHELL CARTRIDGE.
    The Gardner patent, No. 563,157, for a paper-shell cartridge, as voluntarily narrowed by the patentee to meet objections of the Patent Office, and limited by the language of the specification, held not infringed.

Appeal from the Circuit Court of the United States for the Southern District of New York.

Suit in equity by the Winchester Repeating Arms Company against the Peters Cartridge Company. Decree for defendant (173 Fed. 86), and complainant appeals. Affirmed.

The bill alleged infringement by the defendant of claims of letters patent No. 563,157 granted to John Gardner, June 30, 1896, for an improvement in paper-shell cartridges.

Edmund Wetmore and George D. Seymour, for appellant.

Frank T. Brown and Francis A. Hopkins, for appellee.

Before COXE, WARD, and NOYES, Circuit Judges.

COXE, Circuit Judge. The patentee states that his invention relates to an improvement in paper-shell cartridges having a paper tube and a drawn sheet-metal cap applied to one end thereof. He says his object is to prevent the tube from breaking at or near the inner edge of the metallic cap, when the cartridge is in the gun. He thus prolongs the life of the paper tube and removes the necessity of extracting it manually from the barrel of the gun. In order to accomplish

the desired result, he provides the cartridge with a sheet-metal cap continuously upset around its circumference, so as to be yielding at or near the point where the paper tube enters it. The result is that this portion of the cap yields sufficiently to take the strain from the tube.

The drawing shows a cap, the inner end of which is formed with several annular circumferential grooves extending continuously around the cap, the convex sides of the grooves press into the paper of the tube. These grooves are located in planes at right angles to the longitudinal axis of the tube. The patentee asserts that they permit the cap to yield sufficiently to prevent the paper from being broken or torn at or near the point where it enters the cap. The grooves would not yield sufficiently if they were interrupted—viz., ceased to be continuous. If crimps, letters or characters be substituted for grooves, they will not perform the desired function unless they are all connected together so as to preserve the effect produced by the continuous upsetting of the metal.

The patentee says:

"My observation is that the chief yielding of the caps is longitudinal, for the firing of the cartridges straightens out the grooves enough to increase permanently the length of the caps."

The claims are as follows:

"1. A paper-shell cartridge having a paper tube, and a drawn sheet-metal cap which is continuously upset around its circumference, whereby the said cap is permitted to yield when the cartridge is exploded, so as to prevent the paper tube from breaking at or near the point where it enters the cap, substantially as described."

"2. A paper-shell cartridge having a paper tube, and a drawn sheet-metal cap which is constructed with one or more annular circumferential grooves located in a plane or in planes at a right angle to the longitudinal axis of the cartridge, substantially as described, and whereby the said cap is permitted to yield, when the cartridge is exploded, so as to prevent the paper tube from breaking at or near the point where it enters the cap."

It will be observed that the first claim makes it essential that the cap shall be continuously upset around its circumference. If upset in the manner illustrated by the description and drawing and specifically referred to in the second claim, the upset portion must extend entirely around the cap. The grooves, crimps or letters must not be interrupted or intermitted, for if they are, they cease to be continuous.

On this subject the specification says:

"If I employ crimps or letters or characters in the place of such grooves they must all be connected or joined together, so as to have the effect of a continuous upsetting of the metal."

As before stated, an essential element of the first claim is a paper cartridge having a metal cap which is continuously upset around its circumference. This, as we understand it, means that by reason of said continuous circumferential upsetting, the metal is permitted to yield. This language cannot be construed to mean a substantially continuous upsetting. It does not mean an upsetting which is partly or intermittingly continuous. The complainants ask to have the claim construed as if the word "continuously" were "discontinuously."

The second claim is limited to annular circumferential grooves. The claim certainly would not cover a cap where the grooves are not annular, circumferential or continuous. Indeed the patentee distinctly says:

"The grooves b, it will be noted, extend continuously around the cap, which would not yield, as described, if they were interrupted."

As originally filed, the specification contained two claims broad enough to cover any means by which the metal cap was made sufficiently yielding at or near the point where the paper tube enters it. These claims were rejected by the examiner and thereupon the description was amended by striking out the broad claims and inserting the claims now in controversy. The description was also amended to conform to the limited claims. It is not necessary to inquire whether the inventor was entitled to broader claims than he has received. The fact that he acquiesced in the ruling of the examiner and accepted the limited claims here in issue estops him from now claiming what he formally abandoned. The courts are precluded from construing the narrowed and limited claims as having the same meaning as the broad claims originally presented.

The defendant's shell is provided with a band of diagonal crimps forming a band around the cap near its inner end. There are also two rows of interrupted circumferential depressions located on opposite sides of, and equidistant from, the band of diagonal crimps. The interruptions are so arranged that the continuous part of one depression is opposite the interrupted part of the other; in other words, the depressions are staggered.

We agree with the judge of the Circuit Court in thinking that these shells do not infringe for the reason that the cap is not continuously upset around its circumference and that the depressions in the defendant's cap are not the annular or circumferential grooves of the claims located in a plane or planes at right angles to the longitudinal axis of the cartridge.

In our view the question is a simple one. The patentee in order to secure the patent, acquiesced in the decision of the Patent Office that broad claims could not be allowed, in view of the prior art. He accepted claims substantially limited to the precise structure shown in the drawing and described in the specification. The defendant's structure is not within these claims unless a construction be given them which the law does not permit.

The subject is carefully considered in the opinion of the judge of the Circuit Court and we deem it unnecessary to add anything further to his decision. Our conclusion as to infringement renders a consideration of the other defenses unnecessary.

The decree is affirmed.