### VANMANEN v. LEONARD et al.

#### (Circuit Court of Appeals, Sixth Circuit. January 8, 1918.)

#### No. 3018.

1. PATENTS ⬤═328—INFRINGEMENT—WAREHOUSE TRUCK.
   The Vanmanen patent, No. 988,677, for a warehouse truck, claim 4, *held* not infringed by a modified structure built by defendants after a decree finding their original trucks infringed.

2. PATENTS ⬤═168(2)—CONSTRUCTION—LIMITATION BY PROCEEDINGS IN PATENT OFFICE.
   An inventor's acquiescence in the rejection of a broad claim, and his acceptance in its place of one distinctly limited, estops him from thereafter seeking the benefit so surrendered; and this regardless of whether the Patent Office was right or wrong in rejecting the original claim.

Appeal from the District Court of the United States for the Western District of Michigan; Clarence W. Sessions, Judge.

Suit in equity by William Vanmanen against George Leonard and Nicholas Bouma. From the final decree, complainant appeals. Affirmed.

L. V. Moulton, of Grand Rapids, Mich., for appellant.

Geo. Leonard and Nicholas Bouma, both of Freeport, Mich., pro se.

Before WARRINGTON, KNAPPEN, and DENISON, Circuit Judges.

WARRINGTON, Circuit Judge. This is a suit for infringement of patent No. 988,677, issued to appellant William Vanmanen April 4, 1911, and relating to improvements in warehouse trucks. Upon the usual issues in such cases the patent was held valid, and claim 4 infringed, though claims 1, 2, and 3 were held not infringed, and an interlocutory decree for injunction and accounting was entered accordingly. The master reported separately profits and damages on two

---

⬤═For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

sets of trucks, the first set comprising 322 and the second 50, but held that both sets infringed claim 4; the court affirmed the ruling touching the first set, but reversed it as to the second. The appeal concerns only the latter set of trucks; they are called "modified" structures.

[1] It is to be inferred, from testimony introduced before the master and from the master's report, that after the order of injunction was entered the defendants made a distinct change in the construction of their trucks, and that at the time of the accounting they had sold as many as fifty trucks of the modified form. This presents the question whether the modified structure infringes claim 4:

"In warehouse trucks, a metal top, sides integral with and bent down at right angles with the top, with the lower edges channeled to provide rigidity, end rails secured to the top and sides, and a supporting beam extending the length of the truck and secured to the end rails, in combination with necessary caster supports and stake sockets secured to the sides and end rails."

The change involved in the modified structure concerns the "supporting beam" called for in this claim. In the opinion allowing the injunction and accounting the trial judge described the device shown by the evidence and claimed in the patent as consisting of—

"* * * the elements of a sheet of metal bent to form the top and sides, end plates secured to the same and bent at the middle to form caster sockets, a center beam and means for securing the beam to the end plates."

The infringing device which was then under consideration seems to have contained all these elements. The modified structure, however, omits the "center beam"; and the present importance of this omission may be further seen in the specification, where, in speaking of the liability of a truck to warp, the patentee says:

"To avert this danger I place a heavy wooden beam or brace, as F, or a pair of cross-braces, as F', in position to engage both ends of the truck. I prefer the use of a single beam, as shown in Fig. 1, as it is much less expensive, more readily applied and equally as reliable as the cross-beams shown in Fig. 2."

And the preference thus given to the single beam finds expression in claims 1, 2, and 3, as well as 4, of the patent. In place of the single beam, as also of the cross-braces, the defendants in their modified structure employ three beams located in the central portion of the truck frame, two disposed transversely to the truck with their ends fastened to the sides of the truck frame, and the other longitudinally thereto, with its ends fastened in turn to the transverse beams midway of their length, and also two iron rods, disposed one on each side of, and fastened in the same manner as, the longitudinal beam, but each equidistant between it and the corresponding side of the truck. Thus in the modified structure beams are fastened only to the *sides,* while in the patent the beam is connected only with the *ends,* of the truck frame, to strengthen the truck.

[2] It is insisted that such a difference does not avoid the patent. It must be conceded that this would ordinarily be true; but in this

instance the patentee materially limited the scope of his invention in the Patent Office. The application in its original form contained five claims. The last two claims were as follows:

"4. A warehouse truck made of sheet metal and having beams connected therewith in such a manner as to avert the danger of the truck warping out of shape under load.

"5. A warehouse truck made of sheet metal, stake sockets and caster sockets formed at the ends of the truck, and beams secured to and extending from end to end of the truck in position to render the truck rigid and not liable to warp under load."

The claims were all rejected on the ground that in the opinion of the examiner they were "substantially anticipated in the patent to Dietz, 564,740, July 28, 1896, trucks." The applicant urged in answer that he avoided the Dietz patent by the fact, among others, that the applicant did not "carry the beams near the sides of the truck." However he directed the examiner to cancel original claims 4 and 5 and substitute the present claim 4. Comparison of the original with the present claim 4 shows that the patentee is now claiming the benefit of the very feature he surrendered in the Patent Office. He there sought to avoid the Dietz patent, as we have seen, on the ground that he did not carry his beams "near the sides of the truck," while he now insists that defendants' modified structure infringes the present claim 4, despite the fact that its beams do not connect with the ends, but only with the sides. The case thus falls within the well-settled rule that an inventor's acquiescence in the rejection of a broad claim, and his acceptance in its place of one distinctly limited, estop him from thereafter seeking the benefit so surrendered; and this, too, regardless of whether the Patent Office was right or wrong in rejecting the original claim. Morgan Envelope Co. v. Albany Paper Co., 152 U. S. 425, 429, 14 Sup. Ct. 627, 38 L. Ed. 500; Garland v. Quinn, 242 Fed. 267, 270, —— C. C. A. —— (C. C. A. 6); Ventilated Cushion & Spring Co. v. D'Arcy, 232 Fed. 468, 470, 146 C. C. A. 462 (C. C. A. 6); Ventilated Cushion & Spring Co. v. D'Arcy, 229 Fed. 398, 406, 143 C. C. A. 518 (C. C. A. 6), and citations; Winchester Repeating Arms Co. v. Peters Cartridge Co., 184 Fed. 333, 335, 106 C. C. A. 363 (C. C. A. 2); Marshall & Stearns Co. v. Murphy Mfg. Co., 199 Fed. 772, 776, 118 C. C. A. 362 (C. C. A. 9). In Arnold-Creager Co. v. Barkwill Brick Co., 246 Fed. 441, 444, —— C. C. A. ——, we have recently held that an express claim limitation to the "end" of a structure could not be escaped upon the theory that the "side" is generally the equivalent of the end. It is true that was a case of voluntary, not compulsory, limitation; but, after it appears that the patentee intended a specific interpretation, the ultimate principle is the same. Nevertheless it is earnestly contended that to limit claim 4 closely to the full equivalent of the specific structure which it, in connection with the specification and drawings, describes, is to render the patent worthless. The logic of the argument would reject interpretation of the patent, and lead to a judicial grant; the argument, moreover, totally ignores the responsibility of the patentee for the limitation placed upon the scope of his patent.

We therefore agree with Judge Sessions in holding that claim 4 was not infringed by defendants' modified structure, and so we affirm his decree. His opinion on this subject follows:

"Plaintiff's patent is very narrow and limited in scope and must be confined substantially to the structure there r described. One of the essential elements of claim 4 of the patent is 'a supporting beam extending the length of the truck and secured to the end rails.' Defendants' so-called 'modified structure' lacks this essential element, and therefore does not infringe. The profits and damages based upon the manufacture and sale of the 50 machines of this 'modified structure' have been improperly allowed by the master. Defendants' exception in this regard is sustained, and $54.65 will be deducted from the profits and $69 from the damages found and awarded by the master. Otherwise the findings of the master are approved and affirmed, and the exceptions thereto overruled.

"The facts of this case justify increased damages; but by the allowance of both profits and damages upon the manufacture and sale of the same machines the actual damages have been sufficiently increased.

"A decree will be entered in favor of plaintiff and against the defendants for the sum of $769.27, with costs."