## TURNER v. SPINNER.

(District Court, E. D. New York.   June 3, 1925.)

**I. Patents ⟋168(2)—Acquiescence in rejection of claims estops patentee to claim what was rejected.**

A patentee, who accepts the action of the Patent Office in rejecting broad claims in order to obtain the patent, cannot broaden the claims allowed to include anything rejected.

**2. Patents ⟋165—Public has a right to rely on the limitation of claims.**

The public has a right to rely on the limitation in the claims of a patent, and to assume that they are the limit of the patentee's monopoly, regardless of whether the limitation is warranted or not.

**3. Patents ⟋26(2)—New combination of old elements may be patentable.**

A new combination of old elements is entitled to the protection of a patent, where it provides a new and useful result, though each old element, as seen in a prior device, may have been suggestive of the use which could be made of it in the new.

**4. Patents ⟋328 — Shryock, 1,172,173, for timer for internal combustion engines, held valid, but not infringed.**

The Shryock patent, No. 1,172,173, for a timer for internal combustion engines, held val-

id, but strictly limited by the prior art and the narrow and specific scope of its one claim as so limited, held not infringed.

**5. Patents ⟋246—Combination patent not infringed, if element is omitted.**

A patent for a combination is not infringed by a structure from which one essential element of the combination is omitted.

**6. Patents ⟋234—Structure having entirely different plan of construction and operation not an infringement.**

Where the entire plan of construction and operation of defendant's structure is different from that of the patent, it does not infringe, though the patent may be read thereon.

**7. Patents ⟋245—Combination patent limited to combination specified.**

A patent for a combination of well-known mechanical appliances is limited to the combined apparatus as specified, and no great liberality in applying the doctrine of mechanical equivalents can be indulged in its favor.

In Equity. Suit by Earl W. Turner against Frank C. Spinner, doing business as the Cook Commutator Company. Decree for defendant.

Lockwood & Lockwood, of Indianapolis, Ind. (Ralph G. Lockwood, of Indianapolis, Ind., and Theodore Kenyon, of New York City, of counsel), for plaintiff.

Arthur H. Serrell, of New York City (Stephen J. Cox, of New York City, of counsel), for defendant.

CAMPBELL, District Judge. This is a suit in equity, in which plaintiff is seeking an injunction to restrain and damages for the alleged infringement of patent No. 1,172,173, issued by the United States Patent Office to Thomas B. Shryock, for internal combustion engines, dated February 15, 1916, the title to which by mesne assignments is vested in plaintiff. Defendant denies validity and infringement.

The patent relates to improvements in timers for internal combustion engines. The patent has but one claim, which reads as follows:

"I claim: A timer of the class described, comprising a disk surrounding the timer shaft, an annulus disposed concentrically of said shaft and resting upon said disk, and capable of rotation relatively to said shaft and disk, an arm secured to said shaft and radiating therefrom, a contact brush carried by the outer end of said arm and disposed in a plane parallel with the shaft, a disk seated in the outer end of said annulus and adapted to move therewith, contact plates on the inner surface of

said disk, adapted to be successively engaged by said brush in the rotation of the latter under the action of the timer shaft, binding posts projecting through the opposite face of said disk and connected with the wires leading to the spark plugs of the engine, a hood secured to the outer edge of said annulus and inclosing said last-mentioned disk, binding posts and the adjacent ends of the wires and formed with an opening through which the wires pass, and means for moving said annulus, whereby said contact plates will be moved relatively to said brush to change the time of the spark."

To show the prior art, defendant offered the following patents issued by the United States Patent Office: No. 912,683, issued to Robert Jardine, for distributor, dated February 16, 1909, which formed one of the references in the Patent Office; No. 882,876, issued to Charles C. Dodge, for spark-timing apparatus, dated March 24, 1908; No. 886,225, issued to Henri De La Valette, for current distributing device for igniting explosive engines, dated April 28, 1908; No. 952,166, issued to Gilbert Wright, for automatic timer, dated March 15, 1910; and British patent No. 18,534, issued to the firm Robert Bosch, for multiple distributor for electric ignition apparatus.

From a consideration of the said patents and the testimony of Mr. Schwartz, the expert called by the plaintiff, it appears that most, if not all, of the elements of the plaintiff's patent were old and well known. The disk surrounding the timer shaft is old, and is part of the permanent frame of the Ford car, on which both plaintiff's and defendant's timers are used. It was old to have an annulus disposed concentrically of said shaft and resting upon said disk, capable of relative movement. It was old to have an arm mounted on the timer shaft, carrying a brush at the outer end, which successively came in contact with the contact plates, and it was likewise the practice to have the timer shaft disposed horizontally as well as vertically in some cases. The head of the timer shaft in some cases pointed upward and in some cases pointed downward.

Dodge in his patent shows a disk seated in the outer end of said annulus, as the same are called by plaintiff, and adapted to move therewith, the same being made in one piece of insulating material, contact plates on the inner surface of said disk, adapted to be successively engaged by said brush, and binding posts projecting through the opposite face of said disk and connected with wires leading to the spark plugs.

In certain types of apparatus in the electrical art it was common to put a cover over terminals, where they needed to be protected, and in the patent to Jardine, supra, he says (page 1, lines 105–108): "A suitable cover, not appearing in the drawing, closes the top of the distributor against the entrance of moisture and dirt." But I do not find in the prior art a hood secured to the outer edge of the annulus, inclosing the last-mentioned disk, binding posts, and the adjacent ends of the wires formed with an opening through which the wires could pass, although it was a common expedient to have a hole through which the wires could pass.

The patentee originally applied for two claims; the first being the claim finally allowed, and the second reading as follows:

"2. In a timing device of the class described, the combination with a timer shaft, contact plates spaced apart about said shaft concentrically thereof and connected with the sparking devices respectively of the engine, a contact brush carried by said shaft rubbing over said contact plates successively, and a hood enclosing said contact plates and the connections between the latter and the wires leading to the spark plugs."

The first was a very narrow claim. The second was a broad claim, which without question would read on defendant's structure, but the Examiner reported as follows: "Claim 2 is thought to lack invention over Jardine, 912,683, Feb. 16, 1909 (123–167). Claim 1 is allowable, as at present advised."

Plaintiff accepted the decision of the Patent Office and by amendment canceled claim 2, and substituted the following broad claim:

"2. In a timing device of the class described, the combination with a timer shaft, contact plates spaced apart about said shaft concentrically thereof, and a contact brush carried by said shaft and movable in a path at one side of said plates and rubbing over said plates successively."

Claim 2 was again rejected, upon De La Valette, 886,225, April 28, 1908 (123–167). This claim probably would have read on defendant's structure. The plaintiff accepted the decision of the Patent Office and by amendment canceled such claim, and requested the removal of the ordinal from

the remaining claim, whereupon the patent was issued with only one claim.

[1] The patentee, having accepted the action of the Patent Office in rejecting the broad claims made by him in order to obtain a patent, cannot now broaden his claim to include anything which was rejected. Van Epps v. United Box Board & Paper Co., 137 F. 418, 75 C. C. A. 77. The only claim of the patent in suit is strictly limited by the plain language used. Royer v. Coupe, 146 U. S. 524, 13 S. Ct. 166, 36 L. Ed. 1073; Merrill v. Yeomans, 94 U. S. 568, 24 L. Ed. 235; Fulton Co. v. Powers Regulator Co. (C. C. A.) 263 F. 578.

[2] The public has a right to rely upon the limitations of the claims in the patent, and to assume that they are the limit of the patentee's monopoly. Philadelphia Rubber W. Co. v. Portage Rubber Co., 241 F. 108, 154 C. C. A. 108. And this is regardless of whether the limitation is warranted or not. Vanmanen v. Leonard, 248 F. 939, 161 C. C. A. 57.

The patentee did not specifically point out in his patent what he considered his invention, but it seems to me that it consisted of the new combination of old elements; an essential element being "a hood secured to the outer edge of said annulus and inclosing said last-mentioned disk, binding posts, and the adjacent ends of the wires, and formed with an opening through which the wires pass," which protects the electric terminals from dirt and moisture and prevents short-circuiting. This last element, as specifically described in the patent, is not found in the prior art, and certainly not in combination with the other elements described in the patent in suit, although a cover was called for, but not described, in at least one of the patents in the prior art. Therefore there was no anticipation of the patent in suit shown in the prior art.

The patent does not seem to me to be a mere aggregation, because I am unable to find that any group of elements will function independently, or constitute an entity sufficient in themselves, not interfering with their individuality or their independent functioning. Reckendorfer v. Faber, 92 U. S. 347, 23 L. Ed. 719; Krell Auto Grand Piano Co. v. Story & Clark Co., 207 F. 946, 125 C. C. A. 394; National Cash-Register Co. v. American Cash-Register Co., 53 F. 367, 3 C. C. A. 559. Even if all the elements are old, a new combination of them, by which an old result is attained in a more facile, economical, and efficient way, may be protected by a patent. Kinloch Tel. Co. v. Western Electric Co., 113 F. 659, 51 C. C. A. 369.

[3, 4] A new combination of old elements is entitled to the protection of a patent, where it provides a new and useful result, although each old element as seen in a prior device may have been suggestive of the use which could have been made of it in the new. Steiner & Voegtly Hardware Co. v. Tabor Sash Co. (C. C.) 178 F. 831. Bucher & Gibbs Plow Co. v. International Harvester Co. (D. C.) 211 F. 473. Therefore the patent is valid, but strictly limited by the prior art, and the narrow and specific scope of its one claim, which is what is commonly termed a combination claim. Minerals Separation v. Butte, etc., Mining Co., 250 U. S. 336, 39 S. Ct. 496, 63 L. Ed. 1019; White v. Dunbar, 119 U. S. 47, 7 S. Ct. 72, 30 L. Ed. 303.

The patent in suit has enjoyed commercial success, but I have not found it necessary to invoke that fact to tip the scale, as I have found invention in the patent.

A reference was made by the plaintiff's attorney in his brief to equities in this case, and the claim made that the defendant was using a name with reference to its commercial structure to which the plaintiff was entitled; but it does not seem to me that any such question is before me, because there is no allegation of trade-mark infringement nor of unfair competition in the bill of complaint, and therefore no such issue was tendered to the defendant, and this suit, like all others, must be tried on the pleadings.

The plaintiff's attorney in his brief, in my opinion, has fallen into an error when he contends that what he calls the "little cap at the top of the hood" in the defendant's structure is cemented thereto, so as to form substantially an integral part, and such contention is not supported by the evidence. The so-called cap is removable, and is so shown in the sample put in evidence by the plaintiff. In fact, two little tabs on opposite sides are provided to facilitate its removal, which I have found is easily accomplished, as is also its replacement.

This is further supported by the patent No. 1,426,960, issued by the United States Patent Office to Cook, dated August 22, 1922, under which defendant manufactures; and in my opinion the defendant's timer would not be marketable unless the cap 60 could be removed to gain access to the chamber and the parts therein for repairs.

[5] The only claim of the patent in suit is based on a combination of elements, and therefore, if one element or part of that combination is omitted in the defendant's structure, the same does not infringe such claim. Union Match Co. v. Diamond Match Co., 162 F. 148, 89 C. C. A. 172.

[6] The patentee made broad claims which on rejection he abandoned, and he cannot now claim anything which was rejected. It seems to me that the entire plan of construction and operation of the defendant's structure is different from the patent in suit; therefore the claim does not cover it, even though the claim might be read thereon. Edison v. American Mutoscope & Biograph Co., 151 F. 767, 81 C. C. A. 391; Linde Air Products Co. v. Morse Dry Dock & Repair Co., 246 F. 834, 159 C. C. A. 136. In any event, the element of the hood as defined in the patent in suit is not found in the defendant's structure.

[7] A patent for a combination of well-known mechanical appliances is limited to the combined apparatus as specified, and no great liberality in applying the doctrine of mechanical equivalents can be indulged in in its favor, and no one is an infringer unless he uses all of the elements claimed in substantially the same mode of operation. Portland Gold Mining Co. v. Hermann, 160 F. 91, 87 C. C. A. 247. No citation of authorities is required to sustain plaintiff's contention that infringement cannot be avoided by mere substitution of material, nor that it cannot be avoided by forming two or more parts integral rather than forming them separate.

Assuming that the annulus and the disk seated in the outer end of said annulus be found integral in the conical insulating mass of the defendant's structure, no hood can be found therein secured to the outer edge of said annulus. Nor can a hood be found inclosing said disk, binding posts, and the adjacent ends of the wires, because the conical mass incloses nothing but the disk, timer shaft, arm, and brush.

The binding posts in the defendant's structure do not project through the opposite face of the said disk, and are not, therefore, with the adjacent ends of the wires, inclosed with the disk, timer shaft, arm, and brush. The binding posts and adjacent ends of the wires are inclosed in the chamber at the top, which has a removable cover or cap, which in my opinion is the hood, if there be a hood, on the defendant's structure, and the cap or hood is not "formed with any opening through which the wires pass," but the wires pass through an opening in the conical mass.

The cap or hood of the defendant's structure is free of the wires, and can be removed or replaced at pleasure, to give access to the wire terminals and their binding posts, for the purpose of cleaning or repairing, and for making the ordinary connections. This clearly differentiates the defendant's structure from that of the patent in suit, in which the wires must first be passed through the hood, the hood moved along the wires to give access to their terminals, and then slid back again along the wires, and this operation must be repeated, if access to the wire terminals and their connections is desired.

A cover for the terminals, whether called a "cap" or a "hood," was old to the art and open to common use, unless it inclosed a disk, binding posts, and the adjacent ends of the wires, and was formed with an opening through which the wires pass. The defendant has availed itself of old and well-known elements, as it had a right to do, and has combined them in a manner different from the patent in suit, and in the defendant's structure there is not found at least one of the essential elements of the combination claimed in the patent in suit, and it does not infringe.

A decree may be entered in favor of the defendant, dismissing the plaintiff's bill of complaint, with costs.