SCOTT v. LAZELL et al.

(Circuit Court of Appeals, Second Circuit. March 10, 1908.)

No. 151.

PATENTS—INFRINGEMENT—BUSTLE AND HIP-FORM.
    The Scott patent, No. 702,158, for a combined bustle and hip-form, discloses invention, and is valid. Also *held* infringed as to claim 2.

Appeal from the Circuit Court of the United States for the Southern District of New York.

On appeal from a decree entered May 21, 1907, dismissing the bill of complaint and holding invalid letters patent No. 702,158, granted to complainant June 10, 1902, for a "combined bustle and hip-form."

John K. Macdonald and Eugene S. Macdonald, for appellant.
Clarence Ladd-Davis and William McCloskey, for appellees.

Before LACOMBE, COXE, and WARD, Circuit Judges.

COXE, Circuit Judge. The Scott patent in suit relates to "new and useful improvements in invisible, reversible, and combined bustles and hip-forms," used for improving the contour of the human form at and below the waist line. The principal objects of the invention are to provide a combined bustle and hip-form which is simple, inexpensive, strong, durable, sanitary, reversible and comfortable and of such a construction that when in place on the body of the wearer, it will improve and fill out the form, so as to present a symmetrical figure without in any way betraying its presence to the eye of the beholder.

The bustle is crescent-shaped, padded and tufted and is fastened around the waist so as to cover the hips and rear portion of the body for about nine inches below the waist. The thickest portion of the bustle is at the center near the top, which is designed to round out the flat space at the rear, which is frequently found in persons having prominent hips. From the thick central portion, the bustle tapers down gradually to its edges, which are comparatively very thin. By the process of tufting the under portion, as shown in the drawings, is slightly contracted, moistened and passed over the rounded end of an ironing board, thus giving to the structure a concavo-convex form which will fit the body to perfection and show no abrupt enlargements through the outer garments. To produce greater rotundity, the bustle is reversed, in which position the edges, instead of clinging to the body of the wearer, stand out therefrom. The claims are as follows:

"1. As an improved article of manufacture, a bustle and hip-form comprising a covering substantially semi-circular in shape and filling therein, the said filling being tapered to a feather edge at all of its edges, the cover and filling being tufted so that one side of the cover will be contracted, whereby the devices may be reversed and two different sized and shaped concavo-convex forms produced, substantially as described.

"2. As an improved article of manufacture, a bustle and hip-form comprising a covering composed of two pieces connected together at their edges, each of said pieces having in its upper portion a circular recess and in its lower portion a series of slits connected together at their edges, filling having all of its edges tapered and located between said pieces, and the whole formed so that it may be reversed and two different sized and shaped concavo-convex forms produced, substantially as described."

The principal difference between the two claims is that the first claim requires the cover and filling to be tufted so that one side of the cover will be contracted, producing a different sized and shaped form when the bustle is reversed. The second claim makes no mention of tufting.

The defenses are lack of novelty and invention, noninfringement and that the defendant Cronin, and not the complainant, was the discoverer of the improvements described in the Scott patent.

There is but one prior patent in evidence and it was introduced by the complainant. This is the patent to C. M. Strong, dated October 9, 1883, for a combined bustle and hip pad. Several other patents and drawings for breast pads, shoulder pads and bustles are attached to the defendants' brief. They were not presented to the circuit court and no explanation of them is given; of course they cannot be considered on this appeal. The Strong bustle was designed to conform to the fashions of a quarter of a century ago and contains many of the defects which the Scott device is intended to remedy. The skirt of the

pad, instead of being worn at the sides and rear, is secured to a waist band and reaches nearly around the person. As the sides of the skirt of the pad come within a few inches of uniting in front, it is plain that the "straight front" effect, so popular at the present time, could not be produced by the Strong device. It is designed to be worn over and not under the corset, is not reversible and has no tapering or feather edges. Being of uniform thickness, it is incapable of rounding out the undesirable depressions in the human form as shown in the Scott patent. The Strong patent was cited by the Examiner on Scott's application and his claims were, thereafter, amended, but that the claims as allowed are in any way affected by the Strong patent, we are unable to perceive.

The exhibits "DeBahlul Pad," "Arm Scye Unfinished" and "Bust Form Unfinished" relate to alleged prior uses not pleaded in the answer, but, even were they properly before the court, they would be manifestly unavailing as they show none of the distinguishing features of the Scott device. They are crude and unfinished reproductions of devices intended to accomplish different results from those produced by the Scott bustle, and would be utterly useless if substituted therefor. There is before us but one prior patent and no sufficient evidence of prior use; and the art is one where the field of judicial knowledge is necessarily limited. We are, therefore, left with substantially nothing in the prior art to overcome the presumption of validity arising from the grant of the patent. The invention is one of minor importance and is not far from the line which separates invention from mechanical skill, but it is such an obvious improvement over the few prior structures with which we are at liberty to compare it, that we have little hesitation in answering the question of patentability in favor of the patent.

Are the claims infringed? On April 24, 1906, the complainant introduced "Complainant's Exhibit Scott Bustle," the counsel for the respective parties having previously agreed "that the same is a fair specimen of the device of the patent in suit."

On page 383 of the record the expert for the defendants says:

"I agree with the complainant's expert Phillips Abbott in so far as he testifies that the construction and operation of Complainant's Exhibit Defendants' Bustle No. 1 and Complainant's Exhibit Scott Bustle are substantially identical."

This is, in effect, an admission that the bustle purchased of defendants is substantially identical with the one made under the patent, or, in other words, it is an admission of infringement. However, as counsel for the defendants insist that the stipulation of April 24th was made inadvertently and under a misapprehension of the facts, we think the defendants should not be foreclosed thereby.

The elements of the second claim are, in a bustle and hip-form: (1) A covering composed of two pieces connected together at their edges. (2) Each of said pieces having in its upper portion a circular recess. (3) And in its lower portion a series of slits connected together at their edges. (4) Filling, having all its edges tapered and located between

said pieces. (5) The whole formed so that it may be reversed. (6) And two different sized and shaped concavo-convex forms produced

That the defendants have all of these elements except the sixth, is too plain for controversy. But it is contended that neither complainant nor defendants produce a bustle having two different sized and shaped forms.

Although we are of the opinion that the advantages alleged to flow from the reversal of the bustle are, to a certain extent, imaginary and greatly exaggerated, nevertheless, we think the reversible feature a valuable one and that, when the bustle is worn in the reversed position, there is a slight difference in contour and better opportunity for ventilation. It is not easy to see how the bustle in its reversed position can have any perceptible effect upon the contour of the wearer's gown, for the reason that the lower portion, which is farthest from the body, as shown in figure 3 and as illustrated in figure 4 of the later patent to Scott, cannot come in contact with the outer garment. However, the specification only requires that the under covering be "slightly contracted" and such contraction is found in both complainant's and defendants' structures. The defendants do not escape infringement by adding the lineal stitching at the lower circular edge of the bustle.

The first claim is limited by the following language,—"the cover and filling being tufted so that one side of the cover will be contracted." In other words, contraction must be produced by tufting. We are unable to find this feature in the defendants' device. Tufting as ordinarily understood, would not produce contraction in the lower side of a bustle any more than in a quilt. It is said that if the stitches were put through diagonally it might produce contraction, but the specification does not so say and the stitches are substantially straight in the defendants' bustle. It is also suggested that the contraction might be produced by pinching the material and running the needle through it twice, but this is not "tufting" and would be more appropriately described as "puckering." We are convinced that the defendants do not produce the contraction of the under piece by tufting, and therefore that they do not infringe the first claim. The defense, based upon the alleged invention of the bustle of the patent by the defendant Cronin, has not been established.

It follows that the decree of the Circuit Court must be reversed without costs in this court and the cause is remanded to the Circuit Court with instructions to enter the usual decree for the complainant based upon the second claim of the Scott patent but, as the defendants have succeeded upon the first claim, without costs.