**NACHMAN SPRING–FILLED CORPORATION v. SPRING PRODUCTS CORPORATION.**

No. 161.

Circuit Court of Appeals, Second Circuit.

Jan. 22, 1934.

Edmond Quincy Moses, of New York City (R. W. Lotz, of Chicago, Ill., of counsel), for appellant.

Duell, Dunn & Anderson, of New York City (Holland S. Duell, Samuel S. Marcus and David S. Kane, all of New York City, of counsel), for appellee.

Before MANTON, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

MANTON, Circuit Judge.

The patent in suit, No. 1,411,227, for a spring cushion construction, has two claims, both charged to be infringed. It has had great commercial success because it is cheaper and better for use than prior constructions. It was held valid below but not infringed.

The novelty claimed for it is that it embodies a complete permanently assembled spring casing containing complete individual

pockets each wall of which is composed of a single thickness of fabric. Each row of spring pockets is so constructed as to admit of the subsequent contemporaneous insertion therein of the spring elements of that particular row. The structural elements comprise an outer spring casing for the spring assembly and means dividing the space within the casing into a plurality of individual cells each of which is adapted to retain a single spring in its proper position. The cell walls are so placed as to separate each spring from the adjacent spring and prevent contact therewith so as to insure free movement of the separate springs and to avoid metallic sounds. In construction there is a sufficient opening into each cell to permit the compressed springs to be inserted, the expansion of the springs inside the cells making it impossible for them to become displaced. There are top and bottom layers which are of such dimensions so as to include the finished product. The cells are formed by parallel division walls or partitions, the edges of which are stitched or otherwise suitably fastened to the top and bottom layers. Co-operating with these partitions are the transverse partitions or division walls, each of which is formed of an unbroken web of material; the upper and lower ends of the division walls being permanently connected to the top and bottom layers by stitching. In each of the pockets thus formed, a coil spring is placed. A construction is provided for narrow spaces through which the compressed springs may be introduced into the pockets. Thus there is a complete cell structure comprising top and bottom walls and four side walls permanently associated, provided to house the spring.

The claims provide: (a) A top; (b) a bottom spaced from the top; (c) a plurality of continuous spaced partitions arranged between the top and bottom and connected thereto at their upper and lower edges; (d) a plurality of division walls arranged in the spaces between the continuous partitions and extending at right angles to the latter to divide the spaces into a plurality of pockets, each of such divisions being formed of an unbroken web, the ends of which are connected permanently to the top and bottom, the side edges of which are free; and (e) a plurality of springs arranged in the pockets, the free edges of the division walls and the continuous partitions operating to form openings through which the springs may be guided and passed into the pockets and passing the springs in the latter.

The difference between claim 1 and claim 2 is that claim 2 refers to a series of continuous parallel spaced partitions arranged between the layers and extending across one dimension thereof. The continuous partitions mentioned in claim 1 are not so described, and this part of claim 1 cannot therefore be construed to mean the same thing as claim 2, but if claim 2 were given the construction urged by the appellee as to the nature of the partition, such limited construction would not apply to claim 1.

The appellee makes the equivalent in all respects of appellant's manufacture with all its advantages. Appellee omits no element of the patent and adds none. There are changes in form only. Appellee says that its parallel spaced partitions are not continuous because they are not made in one piece but consist of a plurality of pieces. However, when sewed in place, between the top and bottom walls of the casing, they extend in one plane from one side of the casing to the other and divide the springs in one row from the springs in the next row, just as effectively as if they were in one piece. Even in the restricted sense urged by the appellee, they are continuous between adjacent springs so as to prevent them from coming in contact. All appellee has done is to cut the one-piece partitions, illustrated in the patent in suit, into several sections by removing fractions of the wall at points intermediate of the successive springs, where those fractions serve no function, and while appellee's walls are made of a number of pieces of fabric which are separate before being assembled in the casing, when they are once sewed in place in a single plane, they are permanently held in that plane and constitute the continuous wall of the claims. Thus the free edges of the transverse division walls adjacent thereto leave spaces for the insertion of the springs which are in alignment for each row of cells thereby permitting the placement of the springs in separate cells by the use of a tool as indicated in the patent. It is clear that appellee has the short transverse division walls called for in the patent and such transverse division walls have free edges providing the openings described. The fact that appellee joins one edge of some of the division walls to parts of one of the adjacent partition walls is immaterial and certainly purposeless except as used to avoid infringement.

▮ Infringement is not avoided by merely providing inventionless or colorable evasion of the terminology of the claims. We have

recently restated the test to be whether the infringing device embodies the substance of the invention and accomplishes the objects of the invention in substantially the same way and by substantially the same or equivalent means. Colton Co. v. McKesson & Robbins, 58 F.(2d) 157 (C. C. A. 2). See Sanitary Refrigerator Co. v. Winters, 280 U. S. 30, 41, 50 S. Ct. 9, 74 L. Ed. 147. Even though the patent may not be a pioneer one, it is entitled to a scope beyond the literal language of the claims. Cincinnati Car Co. v. N. Y. R. T. Corp., 35 F.(2d) 679 (C. C. A. 2). A patent covers all the forms which embody the invention. Infringers may not copy the form with exactness and then attempt to cover up their infringement. It is where the form only is capable of embodying the invention that form must be copied for infringement. Winans v. Denmead, 15 How. 330, 14 L. Ed. 717.

■ The patent in suit may not be said to be capable of embodiment only in a construction including continuous or one-piece partitions. In describing the essential novelty found below, the court did not consider continuous partitions. Moreover, continuous partitions are not a necessary form and slight modifications thereof do not escape infringement. Appellee retains the principal advantages which appellant has obtained by his patent. It provides a structure in which each of the springs is completely incased in such a way as not to contact with the adjacent springs so as to produce objectionable metallic sounds and it does so by means of a fabric envelope divided to form individual pockets, "whereby but a single ply of material is present between contiguous springs, thus eliminating unnecessary use of the fabric of the envelopes, and at the same time providing the requisite separation of the springs to prevent their contact with each other." Appellee provides aligned openings at the corners of the pockets whereby all of the springs in a row may be simultaneously inserted by the use of an inserting tool. It may be that dividing up the partitions makes it less convenient because of the need to stop and start the sewing machine for each piece instead of running a continuous seam, but that is an unimportant detail. It does not affect the ultimate structure which is the subject of the patent. It is not a departure from the objects and advantages of the patent. Infringement is not avoided by an infringer utilizing the patent in a less efficient form than that described in the patent or in deliberately impairing some object of the invention by way of evasion. Winans v. Denmead, 15 How. 344, 14 L. Ed. 717; Telescope Cot Bed Co. v. Gold Medal Camp Furn. Mfg. Co., 229 F. 1002 (C. C. A. 2); Detroit Copper Mining Co. v. Mine & Smelter Supply Co., 215 F. 100 (C. C. A. 9); Nathan v. Howard, 143 F. 889 (C. C. A. 6). The appellee has not omitted any element of the patented structure. It has partitions extending transversely and also partitions extending longitudinally which function exactly as do the partitions of the patent in suit.

In Whitlock Coil Pipe Co. v. Mayo Radiator Co., 266 F. 215, 218 (C. C. A. 2), the patent called for a radiator having a refrigerating section "consisting of a continuous strip of corrugated sheet metal" doubled back and forth upon itself. The infringement embodied no strip of metal doubled back and forth upon itself, but used a plurality of sheets joined at the edges. There we held that there was infringement both on the ground that the substance of the invention had been taken and also because the terms of the claim were substantially answered by the strips soldered together to function like one piece. See Line Material Co. v. Brady Elec. Mfg. Co., 7 F.(2d) 48 (C. C. A. 2).

■ The court below held the patent valid. The prior art does not disclose the patent. The MacLaren British patent, No. 26,847, builds up a strip of springs between upper and lower bands held together by short transverse partitions and then takes this completely assembled strip of springs and introduces it into an elongated pocket formed in the main casing by longitudinal partitions, secured between the top and bottom thereof. The idea of a casing containing finished preclosed cells into which the individual springs are introduced is not present in MacLaren. The Micon patent, No. 1,123,345, relates to stuffed mattresses. There was no casing with the preclosed pockets therein ready to be filled. The casing is either an empty mattress tick with all the flaps unfastened and all cells open, or it exists as a part of a completed mattress stuffed with padding. It has a divided button flap which would be unsatisfactory for using springs. The two Meutsch patents, No. 1,287,590 and No. 1,287,591, have springs connected to the sides of the casing by loops, alternate springs being preferably connected to opposite sides of the open casing. The casing is then brought together so that the springs fastened to one side of the casing fit between the alternate springs fastened to the opposite side of

the casing. The construction requires the use of supplementary fastening means to hold the springs in place. There is nothing in common between the construction of the patent in suit and those patents. There is inventive thought in the patent and it is infringed by appellee.

Decree reversed.