## NACHMAN SPRING–FILLED CORPORATION v. SPRING PRODUCTS CORPORATION.

### No. 185.

Circuit Court of Appeals, Second Circuit.
Jan. 7, 1935.

Moses & Nolte, of New York City (Edmund Quincy Moses, of New York City, Rudolph W. Lotz, of Chicago, Ill., and Clarence M. Crews, of New York City, of counsel), for appellant.

Gifford, Scull & Burgess, of New York City (Newton A. Burgess and A. Glazier Lampke, both of New York City, of counsel), for appellee.

Before MANTON, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

MANTON, Circuit Judge.

Appellant heretofore had its patent, No. 1,411,227, for a spring cushion construction for mattress, adjudicated valid and infringed by the appellee's product. Nachman Spring-Filled Corp. v. Spring Products Corporation (C. C. A.) 68 F.(2d) 829. After our mandate was passed down to the District Court, a master was appointed who undertook to determine the damages. At such hearing it developed that the appellee is now constructing a mattress differing from its previous infringing product. It is called "zigzag." Claiming this to be but a colorable change, appellant moved for a supplemental injunction to have the new construction included within the restrained articles of manufacture. The court below denied the motion "solely on the ground that the plaintiff is estopped by the stipulation of April 4, 1933, in the suit of Nachman Spring-Filled Corp. v. Comfort Spring Corp., in United States District Court in Maryland, which compared the Steiner patent with the plaintiff's patent and agreed that Steiner's construction did not infringe."

The practice of such a motion, if sufficiently grounded by facts, has been approved by us. Better Packages v. L. Link & Co., 68 F.(2d) 904.

The patent relates to improvements in spring cushion constructions adapted for incorporation in seat or mattress structures. We fully considered its validity and infringement, as will be found in our opinion. 68 F.(2d) 829. The spring assembly unit to which this patent is directed is not a complete mattress or cushion, but is used as a core in cushions and mattresses of the inner spring type; the spring is covered with padding so that the individual springs will not be felt by the user. The padding and core unit are inclosed in an upholstery cover. The U-shaped type construction of appellees, held to infringe, is derived from an arrangement by connecting the ends of each transverse cell wall of the third and fifth cell columns with the longitudinal wall sections just below it. Thus cells of the third and fifth columns other than the uppermost cells of the columns are bounded by U-shaped pieces, while all the other cell wall sections are left free at their ends. This casing construction preserved and utilized the advantages of the patented construction in the finished product and, like the patented construction, provided rows of aligned preclosed cells, the arrangements being such that all the cells of a row could be reached by inserting a filling tool through a side of the casing and simultaneously filled with springs by the aid of the tool.

The "zigzag" construction appellee now makes attempts to avoid infringement. It is derived from an arrangement by connecting the lower edge of each longitudinal cell wall with the right-hand edge of each transversely extending cell wall which is below and to the left of it, and by connecting the left-hand edge of each transverse cell wall which lies beneath and to the left of it. However, none of the partition walls are connected to the outer boundary walls of the casing. Thus, by leaving an end and a side of the casing open, all the springs for filling an obliquely aligned series of cells may be inserted by a single operation by means of a filling tool. The appellee's affidavit admits that the cells of its construction are tool-filled. The fact is that the boundary rows and columns of cells are aligned in a parallelism with the ends and sides of the casings, and may be filled by inserting the filling tool between a boundary wall of the casing and the adjacent ends of the partition walls. This admission of the method of filling demonstrates that the appellee's "zigzag" construction is designed and intended and used to secure the advantages of the invention. The cells of each obliquely aligned series may be entered at a single operation by a filling tool, and may be filled simultaneously by the use

of the tool. After the springs have been inserted and the side walls of the casing have been closed, it is the same functionally as the spring-filled unit of the patent sued on and the spring-filled unit we held to infringe. Each spring is self-inclosed in its own individual cell, and is separated from the springs inclosed in adjacent cells by a single thickness wall of fabric. Thus the springs are held out of contact so that metallic sounds are avoided, and economy is practiced. As in the patented spring unit, the "zigzag" unit is adapted, when the springs have been inserted and the open side or sides of the casing have been closed by stitching, to be used as a core unit for a cushion or mattress structure; that is, bound in a cover of padding and in an outer casing.

The appellee argues that the Steiner patent, No. 591,022, and the Swiss-Steiner patent, No. 30,700, are prior art, and were not fully considered when the case was here before. They are said to anticipate the patent. Steiner did not have a spring-filled unit in mind. The appellee's suggestion of the substitution of springs for the padding of Steiner is not derived from Steiner. It is a suggestion that the actual complete cushion or mattress be modified to produce a structure which would be unsuitable for use as a complete cushion or mattress, and which would have had no known utility at the time of Steiner's inventions because the idea of inner spring cushions and mattresses did not originate or come into use until later. Moreover, it would be impossible to fill the cells of the structure with springs through the sides or ends of the casing; the partition walls having been shown to be secured to the sides and the ends of the casing before the cells have been filled or the cover applied. Again, to have access, it would be necessary to break open the entire assembly. After the spring was removed for any purpose and replaced, the assembly would have to be restored to its original condition. Neither the United States Steiner, nor the Swiss-Steiner patents anticipate the patent in suit.

In a suit in the District Court of Maryland between the appellant and the Comfort Spring Corporation, it was stipulated that the figures of the Steiner patent are "substantially identical" with a drawing illustrating diagrammatically the structure that the defendant is making at this time, "and which is substantially identical with fig. 5 of the Steiner patent No. 591,022 (expired) and, therefore, does not fall within the scope of the patents in suit * * * so long as defendant does not employ a tool to fill the cells of this structure such as is covered by the tool patent in suit * * * and does not infringe any of the claims of the above or any other patents of plaintiff." This stipulation was not made with or for the benefit of appellee, but another not a party to this suit. Appellant is not estopped by this stipulation. Carnegie Steel Co. v. Cambria, 185 U. S. 403, 22 S. Ct. 698, 46 L. Ed. 968; Scott v. Lazell, 160 F. 472 (C. C. A. 2); Columbia Graphophone v. Searchlight Horn, 236 F. 135 (C. C. A. 9). The stipulation is immaterial in this suit. Leslie Combs v. John Hodge, 21 How. (62 U. S.) 397, 16 L. Ed. 115; Berry v. Littlefield, Alvord & Co., 54 App. D. C. 195, 296 F. 285. As we have pointed out, the Steiner patents do not anticipate. Moreover, since the parties defendant were not the same, and the case in Maryland was disposed of by an adjustment or settlement, no conclusion may be reached which would in any way estop the appellant.

This stipulation in the Maryland cause was put forward as newly discovered evidence in an effort to modify the mandate of this court, and was denied because the appellant could not be estopped by any admissions made in the Maryland case.

The "zigzag" construction is an infringement of the patent in suit, and as such will be enjoined.

Order reversed.